J. H. Tabler *v.* Mary Connor, Adm'x.

New trial. *Newly discovered evidence.* The following are well settled rules as to granting new trials for newly discovered evidence:

1st. If a party omits to procure evidence, which, with ordinary diligence, he might have procured in relation to those points on the first trial, his motion for a new trial, for the purpose of introducing such evidence, shall be denied.

2nd. If the newly discovered evidence consists merely of additional facts and circumstances, going to establish the same points which were principally controverted before, or of additional witnesses to the same facts and circumstances, such circumstances are cumulative, and a new trial shall not be granted.

Granting of same. *When matter of right. When in discretion of the Court.* In cases to which the foregoing principles *clearly* and *unquestionably* apply, the granting or refusal of a new trial is not a matter of discretion. The parties have a legal right to a decision conformable to those principles. Where there is doubt upon the point of negligence, or as to the character of the evidence, or to its materiality, it becomes a matter of discretion.

1 Grah. & Waterm., New Trials, 489.

Negligence in failing to discover evidence before trial. *What facts constitute.* Where it was a material question whether a signal for firing a blast was given, and if given, whether the plaintiff below heard it; and the proof was conflicting upon these questions, and the deposition of the plaintiff below was

taken about two years before the trial, in which he swore he did not hear the signal, if any was given; and that Dr. Baily attended on him while confined with his broken leg, and the defendant below offered as ground for a new trial the affidavit of Dr. Baily, who states, that in his conversation with plaintiff below, he attached no blame to defendant's employees, but that he thought he was in no danger, and paid no attention to the signal of blasting, given before touching off the blast.

*Held,* It is not clear that it was not negligence in defendant to fail to seek for evidence from plaintiff's physician, to whom he would naturally communicate the circumstances of his injury.

---

### FROM DAVIDSON.

---

Appeal from the Circuit Court. NATHANIEL BAXTER, Judge.

GUILD & SMITH for Tabler.

McCLANAHAN & McALISTER for Mary Connor.

NICHOLSON, C. J., delivered the opinion of the Court.

This suit was commenced by Michael Connor against J. H. Tabler, to recover damages in consequence of the negligence of Tabler's employees in blasting rock, whereby Connor's leg was broken. The action was by summons and ancillary attachment; property valued at $1,000 was attached and replevied, under bond, in pursuance of the Statute. Defendant plead the general issue, and also specially, that his employees were skilful and careful workmen, and guilty of no negligence, on which plea there were issues.

The jury, under a charge admitted to be correct, found a verdict for $800, on which judgment was rendered against Tabler and his surety in his replevy bond for the amount of the verdict. Defendant moved for a new trial, and relied on the affidavit of Dr. Baily, who attended on Connor during his confinement with his broken leg, and who states that in his conversation with Connor he attached no blame to Tabler's employees, but that he thought he was in no danger, and paid no attention to the signal of warning given before touching off the blast. He does not say expressly that Connor admitted he heard the signal, but it might be inferred from his statement that Connor so admitted. It is shown that this evidence was unknown to Tabler until after the trial. Dr. Baily says he did not communicate the conversation with Connor until after the trial, not knowing until then that Connor had sued for damages.

The motion for a new trial was overruled; and the main question now is, whether this was error?

There are well settled rules for granting new trials for newly discovered evidence, by which the present case must be governed. 1. If a party omits to procure evidence, which with ordinary diligence he might have procured, in relation to those points, on the first trial, his motion for a new trial for the purpose of introducing such testimony, shall be denied. 2. If the newly discovered evidence consists merely of additional facts and circumstances, going to establish the same points which were principally controverted before,

or of additional witnesses to the same facts and circumstances, such evidence is cumulative, and a new trial shall not be granted.    In cases to which these principles clearly and unquestionably apply, the granting or refusal of a new trial is not a matter of discretion.    The parties have a legal right to a decision conformable to those principles.    Where there is doubt upon the point of negligence, or as to the character of the evidence, or as to its materiality, it becomes a matter of discretion; and the Court will not—perhaps cannot—rightfully interfere.    1 Grah. & Waterman, New Trials, 489.

There was conflict in the evidence in the present case, on two points; first, whether the signal for firing the blast was given; and, second, if it was, whether Connor heard it?    Connor was examined as a witness, and swore directly that if any signal was given, he did not hear it.    Several witnesses detailed facts and circumstances going to show that he did hear it, and that his standing still and not moving further off was voluntary and negligent.

It appears that Connor's deposition was taken about two years before the trial of the cause.    In his deposition he states that Dr. Baily attended on him while he was confined with his broken leg.    It appears, therefore, that for two years defendant knew that Connor had sworn that he did not hear the signal, and that Dr. Baily waited on him during his confinement. It is not clear that it was not negligence in defendant to fail to seek for evidence from Connor's physi-

cian, to whom he would naturally communicate the circumstances of his injury.

Again, the affidavit of Dr. Baily details Connor's conversations while confined. This kind of testimony is always received with some degree of allowance; but his testimony goes to the point whether Connor heard the signal and failed to move away, from negligence—the same point on which defendant had examined several witnesses on the trial. Cumulative evidence means additional evidence to support the same point, and which is of the same character with evidence already produced. To say the least of the newly discovered evidence, it appears to us that it makes a case in which we cannot interfere with the exercise of the discretion of the Circuit Judge in refusing a new trial.

As this is the only question about which it is necessary for us to decide, the judgment will be affirmed.