CAROLINE DAVISON, ROSALYN LOEWNER, EMIL DAVISON, HELEN BROWNING, HARRY C. DAVISON and DANIEL DANCIGER, Respondents, v. BANKER'S LIFE ASSOCIATION, Defendant, TILLIE DAVISON, Interpleader, Appellant.

**Kansas City Court of Appeals.    October 7, 1912.**

1. **LIFE INSURANCE, MUTUAL: Divorce: Beneficiary: Idem Sonans.** Two certificates of membership in a Mutual Life Insurance Association named the wife of the insured, Tillie Davison, as the beneficiary. Upon the death of the member, his former wife, Caroline Davison, from whom he had obtained a divorce, sought to recover the proceeds of the certificates upon

166 Mo. App. 40.

the ground that the divorce was illegal, because in the publication of service her name was spelled "Davidson" instead of "Davison," and that therefore she was the wife of tthe insured at the time of his death. *Held*, that "Davidson" and "Davison" are *idem sonans*, the judgment for divorce valid, and the widow, Tillie Davison, entitled to the proceeds of the certificate.

2. IDEM SONANS: Identical Sound: Where the name as spelled, though incorrect, conveys to the ear, when pronounced according to the commonly accepted methods, a sound practically identical with the correct name, as commonly pronounced, the name thus given is a sufficient designation.

3. ———: ———. It matters not how two names are spelled, what their orthography is; they are *idem sonans* within the meaning of the books if the attentive ear finds difficulty in distinguishing them when pronounced, or common and long continued usage has by corruption or abbreviation made them identical in pronunciation.

4. DIVORCE: Service by Publication. In an action for divorce, where service is obtained by publication, the judgment for divorce is not invalid because in the publication the name of the defendant was spelled "Davidson" instead of "Davison."

Appeal from Jackson Circuit Court.—*Hon. Thomas H. Seehorn,* Judge.

REVERSED AND REMANDED *(with directions).*

*P. M. Kistler* for appellant.

*H. S. Julian* for respondents.

JOHNSON, J.—This action was instituted against the Bankers' Life Association, a corporation doing a mutual life insurance business under the laws of Iowa, to recover the proceeds of two certificates of membership issued to Samuel Davison in October, 1893. The plaintiffs are Caroline Davison, who claims to be the widow of Samuel Davison, and their children. Davison procured a decree of divorce from his wife, Caroline, in 1889 in the Circuit Court of Livingston county and was married in 1895 to his second wife, Tillie, who also claims the proceeds of the policies as his

widow and beneficiary. He lived with his second wife until his death which occurred September 4. 1909. The Bankers' Life Association answered admitting its liability and praying that as Tillie was a rival claimant she be made a party defendant and that the association be allowed to pay the proceeds of the policies into court for the benefit of the successful claimant. Afterward Tillie was made a party defendant. She appeared and filed an answer and cross-petition in the nature of an interplea in which she alleged that she was the lawful widow of the deceased member, was the beneficiary named in the policies and prayed judgment for the proceeds of the policies. An answer was field by plaintiffs to this cross-petition and a reply to the new matter alleged in the answer was filed by defendant Tillie. These pleadings sufficiently raised the issues we shall discuss in the course of the opinion.

A jury was waived by the parties and the court, after hearing the evidence, rendered judgment for plaintiffs. Defendant Tillie appealed. A motion to dismiss the appeal was filed in this court by plaintiffs but in the last brief of their counsel the motion was withdrawn and as we find no vital defect in the proceedings relating to the prosecution of the appeal we shall consider the case on its merits. Sometime before the trial in the circuit court the defendant association paid the proceeds of the policies into court and thereafter the only contest in the case was between the two rival claimants of the fund and the primary issue was whether Caroline or Tillie was the lawful wife of Samuel Davison at the time of his death. It is not disputed that Tillie was married to Samuel in 1895 and that thereafter they lived together as husband and wife until his death in 1909, but it is contended by plaintiffs that this marriage was void for the reason that Samuel was not legally divorced from his first wife, Caroline. When the certificates were issued the beneficiary named in them was the estate of

Davison. After his marriage to Tillie, Davison (with the consent of the association) changed the beneficiary and the certificates were made payable "to my wife Tillie Davison and my children, viz., Louis Davison, Rosalyn Davison, Helen Davison, Emil Davison, Harry Davison, in equal shares . . . the above six beneficiaries are bearing to me the relation of wife and children." Still later Davison changed his beneficiaries with the consent of the association and made his wife Tillie the sole beneficiary. It is conceded these changes were valid if Tillie was the lawful wife of Davison and the issue of whether or not she was lawfully married depends entirely on the solution of the question of the validity of the divorce granted Davison from his first wife. The proceedings in the divorce suit were attacked by plaintiffs at the trial on a number of grounds but all of these grounds are abandoned in the latest brief of counsel for plaintiffs except those we shall discuss. It appears from findings of fact and conclusions of law made and filed by the court that all of the points urged by plaintiffs against the validity of the divorce proceedings were ruled against them except one which the court held was well taken and was fatal to the decree. That point thus may be stated:

When the divorce suit was instituted, the defendant Caroline Davison had absconded, could not be served personally with summons and consequently service was made by publication. In the order of publication, subsequent proceedings and judgment, the name "Davison" was incorrectly spelled "Davidson." The circuit court held that the names "Davison" and "Davidson" are not *idem sonans,* and, consequently, that there was no legal service by publication. The court deemed this defect so vital that it infected the whole proceeding, made nugatory the decree of divorce and that Caroline remained the lawful wife of Samuel to the day of his death.

We shall concede for argument that plaintiffs, after the lapse of over twenty years from the decree of divorce and after their father had lived with defendant in supposedly lawful wedlock for more than fifteen years, may attack the validity of the decree in a collateral proceeding and still we find ourselves unable to agree with the view of the learned trial judge that the divorce should be held for naught on the ground of a vital mistake in the order of publication with respect to the spelling of the family name.

"The rule of *idem sonans* is that absolute accuracy in spelling names is not required in a legal document or proceedings either civil or criminal; that if the name, as spelled in the document, though different from the correct spelling thereof, conveys to the ear, when pronounced according to the commonly accepted methods, a sound practically identical with the correct name as commonly pronounced, the name thus given is a sufficient designation of the individual referred to, and no advantage can be taken of the clerical error." [4 Words & Phrases, 3380.] This rule has received repeated recognition in this State. [Robson v. Thomas, 55 Mo. 581; State v. Havely, 21 Mo. 498; Whelen v. Weaver, 13 Mo. 92; Maier v. Brock, 222 Mo. 74; Graton v. Holliday, 189 Mo. 322; State v. Griffie, 118 Mo. 188.]

In Robson v. Thomas, supra, the Supreme Court say: "It matters not how two names are spelled, what their orthography is; they are *idem sonans* within the meaning of the books if the attentive ear finds difficulty in distinguishing them when pronounced or common and long continued usage has by corruption or abbreviation made them identical in pronunciation."

The following names have been pronounced *idem sonans*: Elberson-Elbertson, Johnson-Johnston, Wilkerson-Wilkinson, Hutson-Hudson, Robinson-Robertson, Bolen-Bolden. The second "d" in Davidson re-

quires an effort in pronunciation that the average
tongue seeks to avoid by omitting to sound the letter.
The general pronunciation of both names is Davison
and under the rules stated they are *idem sonans*. We
are not bound by the finding of the trial court to the
contrary. Though the action was begun as one at law
on a policy of insurance, it was converted by the plead-
ings into a proceeding in equity. The issues relating
to the fund paid into court which were raised by the
pleadings of the rival claimants are of equitable cogni-
zance and the facts as well as the law pertaining to
those issues are before us for review. This, without
more, sufficiently answers the contention of plaintiffs
that the question of whether the two names are *idem
sonans* is a question of fact, in a law case. Counsel
for plaintiffs contend the decree of divorce was void
and is open to collateral attack at this late day be-
cause there was no legal foundation for the order of
publication, or, to be more specific, the fact that Caro-
line had absconded and could not be served with pro-
cess in this state was not made to appear in the man-
ner prescribed in the statutes.

Section 1770, Revised Statutes 1909, provides that
"if the plaintiff or other person for him . . . shall
file an affidavit stating that part or all of the defend-
ants . . . have absconded or absented themselves
from their usual place of abode in this state," the
court, or in vacation the clerk thereof, shall make an
order for service by publication. In attempted com-
pliance with this provision an affidavit was made by
S. J. Jones to the effect that Caroline Davison had
absconded or absented herself from her usual place of
abode in this state and that process could not be served
upon her. This affidavit was filed in the cause and was
the basis of the order of publication issued therein.
The point against the affidavit is that it omitted to
state the affiant was the agent of the plaintiff. If, in
fact, Jones did make the affidavit as the agent of the

plaintiff the omission from the affidavit of a recital of that fact at most was but an irregularity that could have been cured either by an amendment of the affidavit or by proof of the fact *aliunde*. [Bank v. Spangler, 69 Mo. App. 172; Gilkeson v. Knight, 71 Mo. 403; Burnett v. McCluey, 92 Mo. 230.]

A mere irregularity of this character cannot serve as the foundation of a collateral attack on a judgment otherwise regular. We must presume, in the absence of proof to the contrary, that Jones made the affidavit as the agent of Davison and that the court in issuing the order did not act until proof of that fact had been adduced.

There is no merit in the further point advanced by plaintiffs that notwithstanding the affidavit in question was sufficient the order could not be issued without compliance with the provisions of section 1772, Revised Statutes 1909. That section provides that a *non est* return on a summons may serve as a ground for issuing an order of publication but it does not relate to cases where an affidavit of non-residence is made pursuant to section 1770. In the latter cases the issuance and return of summons is not made a prerequisite for an order of publication.

We find the judgment for divorce is valid and that the defendant Tillie, as the lawful widow of Samuel Davison and the beneficiary named in the certificates is entitled to the proceeds of the certificates. The judgment is reversed and the cause remanded with directions to enter judgment in accordance with the views expressed. All concur.