# BERTHA v. SMITH et al.—175 S. W. (2d) 41.

Eastern Section.   July 3, 1943.

Petition for Certiorari Denied by Supreme Court, October 16, 1943.

620

J. W. Stone, of Harriman, and Mae R. Stricklin, of Wartburg, for appellant.

D. O. Harris, of Harriman, for appellees.

BURNETT, J.   This was an ejectment bill filed by appellant against appellee in the Chancery Court of Morgan County to recover certain lands described in the bill.

The case below was determined on an affirmative answer to the following question:

"Is a sale of land to the State, for delinquent taxes, such an outstanding title as will defeat the complainant, when he sues in ejectment?"

The original suit in this matter was brought in February, 1925, and remained on the docket until May, 1930, when a nonsuit was taken. Within a year from the entry of this non-suit the present action was begun. A jury was demanded. The case was first tried in 1936 and went direct to the Supreme Court on certain legal questions as is reported in 172 Tenn. 180, 110 S. W. (2d) 474. The questions there presented do not concern us now. On the remand the cause was tried to a jury on certain issues of fact made up from the pleadings by the court. The following proof was offered:

Appellant deraigned his title from the state. He purchased the property in 1922 at a court sale. He offered

proof of possession by tenants of his predecessors in title up until shortly before the court sale to him. The appellee, Smith, denied this and likewise offered proof of his, Smith's possession from 1908 until the institution of this action. This proof of possession is conflicting and was not passed on by the Chancellor. Smith says that he purchased the property in question from one Beaty in 1908 but did not get a deed until some years later. He purchased the land on the installment plan. He got a deed for the property about January 19, 1924, which was recorded June 6, 1925. This deed was defective in the description and a new deed to Smith, correcting these defects, was made and recorded in 1930. Smith moved on the land in 1924. From 1908 until 1924 the evidence is conflicting as to whose tenants were occupying the land. Some say they were tenants of Bertha's predecessors in title. Others say they were Smith's tenants.

The Clerk and Master of the Chancery Court of Morgan County was offered as a witness for the appellee, Smith. He produced and read into the record certain proceedings of his Court. The original bill in case of ''The State of Tennessee, for itself and for use of Morgan County against Wiley England,'' and others including ''E. M. Bertha'' numbered 2305 and filed June 25, 1928. This bill was a suit for taxes due the State and Morgan County for the year 1926. Process was had on the residents and publication prayed for the non-residents. An exhibit attached to the bill showed, under the ''name of owners,'' Bertha, E. M., ''known as Oak Grove Farm,'' 600 acres. It also included valuation per acre, total valuation, State tax, County tax and total taxes of $93. The Clerk and Master then read from his minutes a publication notice, in the above styled case, in which ''E. M.

Bertha" was named among others. The notice was published four consecutive weeks in the Morgan County News. A judgment pro confesso based on this publication was then read from the minutes. This judgment was styled and numbered to correspond with the above, but the name "E. M. Berthre" appeared therein. This order referred the matter to the Master to hear proof, etc., and report. The report of the Clerk and Master was then read from the minutes. It was styled "State of Tennessee et al. v. Delinquent Taxpayers of Morgan County for the tax years of 1925 and 1926. Nos. 2241 to 2252 inclusive. Nos. 2300 to 2308 inclusive." In this report under "1926 Taxes" is found "E. M. Bertha, 6th Dist. known as the Oak Grove Farm, 600 acres, valued at $3,000.00, tax $93.00," among many other alleged delinquent tax payers. The report was confirmed and the property ordered sold. The Clerk and Master then read into the record from his minutes the report of sale which was styled "The State of Tennessee and Morgan County v. Delinquent Taxpayers of Morgan County—1925-1926, Nos. ——." This report showed the property as last above described sold to the State of Tennessee on September 5, 1929. It was ordered "that all the rights, title, interest and demands of all defendants named in said report to whom said assessments were made be and the same is hereby divested out of them and vested in the State of Tennessee as an indefeasible title." The Clerk and Master was ordered to execute and deliver a deed to the State if called for.

In this state of the record the appellee moved to withdraw the matter from the jury and dismiss the bill because the record showed an outstanding title in another—not the complainant. The Chancellor sustained this motion.

■ ■ In "an action of ejectment, the plaintiff must have either a title to the property with a present right of continued possession or 'have had actual bona fide possession of the property with a right to maintain a continued possession when ousted by the defendant and a present right to the possession when the action was begun." 18 Am. Jur., page 21, Sec. 20. He can recover only on the strength of his own title and not on the weakness of his adversary's. He must show a perfect legal title. This is true even against a naked trespasser. For many Tennessee cases supporting the above see Demarcus v. Campbell, 17 Tenn. App. 56, at page 61, 65 S. W. (2d) 876.

"The defendant is not required to show title in himself, and he may lawfully say to the plaintiff, 'until you show some title, you have no right to disturb me.'" 18 Am. Jur., page 22, citing Reynolds v. Iron Silver Min. Co., 116 U. S. 687, 6 S. Ct. 601, 29 L. Ed. 774.

■ In the instant case the appellant deraigns title from the State into himself. He acquires title in 1922. Here he rests. The appellee there shows this very property sold to the State of Tennessee as hereinbefore outlined. The title is outstanding in the name of the State of Tennessee at the time of the trial. He does not show a present right of possession. The appellee is in possession of the property and is thus presumed to have a possessory title. He has the right, in protecting this possessory title, to show an outstanding title in a third person. Williams v. Seawell, 9 Tenn. (1 Yerg.), 83.

In Tennessee ejectment is, by section 9118 of the Code of 1932, distinctively a real action.

"Any person having a valid subsisting legal interest in real property, and a right to the immediate possession

thereof, may recover the same by an action of ejectment.''
Code, Sec. 9118.

The burden of proof is upon the complainant, in
an action of ejectment, to establish his title and his right
of possession. 18 Am. Jur., page 84. Where it is shown
the title is in a third person the burden is upon the com-
plainant to overcome this by competent proof.

The reading, by the Clerk and Master, of the
minutes of the Court was objected to. It is urged a
certified copy of these minutes and the record should have
been offered. We do not consider this error. These orig-
inal minute entries were read from the very minutes of
the Court trying this case. They certainly were the best
evidence. 32 C. J. S., Evidence, page 480, secs. 629, 632.
For obvious reasons it might be best to have certified
copies from another court. The original minute entry or
book should not be taken from one court to another but
when in the same court they certainly are the best evi-
dence available.

The introduction of the final decree in the tax
suit was objected to and its admission is here assigned as
error. The argument is that the style of this decree does
not show ''Wylie England'' as a defendant nor does it
show the corresponding rule docket number. We think
this immaterial or at least harmless error. All the pre-
ceding steps, pleadings, decrees, etc., show delinquent
taxpayers of Morgan County for 1925 and 1926 and show
the appellant therein. This decree was styled the same
plaintiff and against the delinquent taxpayers of Morgan
County for 1925-1926. It likewise showed the appellant
here named and his property as in the preceding plead-
ings. The name ''E. M. Berthre'' as it appeared in the
judgment pro confesso is said not to sufficiently designate

"E. M. Bertha." This apparently is a typographical error. The remainder of the pleadings and orders in the same suit designate him as "E. M. Bertha." They certainly can be looked to. No other similar name appeared on the record. It was idem sonans at most.

"The rule of 'idem sonans' is that absolute accuracy in spelling names is not required in legal documents or proceedings, but that if a name as spelled in the document, though different from the correct spelling thereof, conveys to the ear when pronounced, according to the commonly accepted methods, a sound practically identical with the sound of the correct name as commonly pronounced, the name as thus given is a sufficient designation of the individual referred to, and no advantage can be taken of a clerical error, Kelly v. Kuhnhausen, 98 P. 603, 604, 51 Wash. 193, 130 Am. St. Rep. 1093; Davison v. Bankers' Life Ass'n, 150 S. W. 713, 715, 166 Mo. App. 625." 20 Words and Phrases, Permanent Edition, page 8.

▇ The consolidation of this tax suit with another was likewise offered as a reason for its rejection. We cannot agree with this. It was proper to consolidate these tax suits. This one was apparently regular in every way. Strikingly similar objects and reasons were assigned in State ex rel. v. Collier, 160 Tenn. 403, 433, 7 Smith 403, 433, 23 S. W. (2d) 897. The Chief Justice therein held contrary to the contention of the appellant.

▇ The introduction of this tax proceeding is objected to. It is apparently conceded that if this tax proceeding is valid the appellant is out of court. This tax proceeding is a proceeding in rem. The appellant was the owner of the property when the tax lien fastened. He was the owner when suit was instituted. He was made a party by publication. The proceedings were regular. The prop-

erty was properly assessed and described (the description admittedly being what the farm is called). The tax suit was being thrashed out at the same time the instant case was in the same court. It was the duty of the appellant to pay his taxes. In doing so he could have very easily paid the tax there sued for and prevented the sale to the State. We, of course, are not concerned here with that. It is merely an observation we think apt under the record. The equities between these parties do not come into play in an action of ejectment.

The action of the Chancellor is affirmed, all assignments of error are overruled and the suit dismissed. The costs will be taxed against the appellant and the sureties on his appeal bond.

Hale and McAmis, JJ., concur.