# ELIZABETH PRUITT et al. v. JOHN TALENTINO et al. No. 7.—464 S.W.2d 294.

Eastern Section. October 5, 1970.

Certiorari Denied by Supreme Court January 18, 1971.

Ralph D. Longmire, Knoxville, for appellants.

Gerald Largen, Kingston, for appellees.

SANDERS, J. This is an appeal from the decree of the Chancery Court of Roane County in which the Court sustained an injunction and awarded damages against the appellants.

Appellees, Elizabeth Pruitt, Betty Stepp, Paul W. Stinnett and Stewart Clinton Stinnett, filed a bill in the Chancery Court for Roane County at Kingston, Tennessee, alleging that they were the owners of a 2.5-acre tract of land in Kingston which is bounded on the easterly side by a narrow lane or road approximately eight to ten feet wide and which extends 827 feet along their property; that the Defendant, Ralph Longmire, pur-

chased a tract of land adjacent to a portion of said road and had entered into a contract with Defendants Talentino and Guyton to move some houses from the Kingwood Addition of Kingston across the city to the property of Defendant Longmire; that in order to move the houses over the road, the Appellants acting jointly, had gone upon the property of Appellees and widened the road from approximately ten feet to approximately thirty feet; that in so doing they pushed great quantities of dirt onto Appellees' property, destroyed trees and otherwise damaged their property; that the Appellants were preparing to move more houses over the road and would do further damage to Appellees' property unless enjoined; and they asked for damages in the amount of $4,145 plus punitive damages.

An injunction was issued by the Court and the Appellants filed separate answers.

The case was tried before the Honorable A. G. Shumate, Chancellor, on oral testimony and a decree was entered in which the Chancellor found that the Appellants, Longmire and Guyton, did trespass upon the Appellees' property and that the trespass damaged their property, and awarded damages in the amount of $2,500. The decree also made the injunction perpetual.

The Appellants filed a motion for a new trial which was overruled and they have appealed to this court and assigned error.

The Appellants have eight assignments of error as follows:

"*First:* The Court erred in putting down a decree which stated:

" 'That the defendants Longmire and Guyton, did undertake in concert and jointly to widen and use said road and did trespass upon the lands of complainants.'

"The truth and fact was that defendant Longmire had no part in the moving of said house, except for signing said contract set out.

"*Second:* The Court erred in his award of damages, which was grossly excessive and inequitable.

"*Third:* The Court erred in refusing to sustain defendant's Amended Petition to Re-hear, of December 1, 1969, which stated in part as follows:

" 'The right of action brought by the complainant, Elizabeth Pruitt, if any she had, was for simple trespass and should have been *brought* in the Circuit Court.

" 'The Chancery Court does not have jurisdiction in those cases where damages, if any, are unliquidated, which was the case in the cause or complaint brought by Mrs. Pruitt or complainants * * *'

"*Fourth:* The Court erred in his order of 12 December 1969, in refusing to grant defendant's motion for a new trial or to re-hear, said motion being based upon new evidence procured by defendants, which was not available, or was unknown to them, at the time of the hearing on June 26, 1969.

"*Fifth:* That the Court erred in refusing to place into the record of the Court of Appeals to have available, the impartial 'Narrative Bill of Exceptions' prepared by the undersigned attorney and defendant, Ralph D. Longmire.

"*Sixth:* The Court erred in refusing to recognize the validity of new evidence procured by defendants after

the trial, which plainly refuted the claims made by complainant.

"*Seventh:* The Court erred in granting an injunction in the instant case and assuming jurisdiction as no attempt was ever made to move a second house over said roadway; that the Chancellor enjoined an event which was not happening and then assumed jurisdiction over the subject matter.

"*Eighth:* The Court erred in denying the defendants the right to have the issue of the amount of damages decided by a jury, the same being an action at law, and being unliquidated in amount."

■ No bill of exceptions was filed in this case and in the absence of a bill of exceptions this appellate court must conclusively presume that the evidence justified the verdict. Dunn v. State, 127 Tenn. 267, 154 S.W. 969; Pennington v. General Motors Corp., 49 Tenn.App. 240, 354 S.W.2d 479.

Assignments No. 1, No. 2 and No. 7 are, accordingly, overruled.

■■ As to the third assignment, the chancery court had jurisdiction in this case under the application for an injunction and where the chancery court has obtained jurisdiction over some portion or feature of a controversy it may grant full relief in the same manner as could a court of law. See Gibsons Suits in Chancery (5th Edition) sec. 45 p. 56.

Assignment No. 3 must be overruled.

■■ As for assignments 4 and 6, the Court found in its order overruling the motion for a new trial that "the

defendants did not exercise due diligence.'' The law of this state is ''* * * where a party omits to procure evidence which, with ordinary diligence, he might have procured, his motion for a new trial for the purpose of introducing such evidence should be denied. Zirkle v. Stegall, 163 Tenn. 323, 43 S.W.2d 192; Tabler v. Connor, 60 Tenn. 195.'' Buice v. Scruggs Equipment Co., 37 Tenn. App. 556, 267 S.W.2d 119.

Assignments 4 and 6 are therefore overruled.

■ As for the fifth assignment, it is well settled in this state that a judge's ''refusal to sign a bill of exceptions is no ground for reversing the judgment, and the remedy against such action is by mandamus to compel him to sign a perfect bill of exceptions; but he will not be compelled to sign an imperfect one.'' McCallen v. Sterling (1833) 13 Tenn. 223; State ex rel. Sneed v. Hall (1866) 43 Tenn. 255; Mallon v. Tucker Mfg. Co. (1881) 75 Tenn. 62.

The fifth assignment is, accordingly, overruled.

■ As for the eighth assignment, the record fails to disclose that the appellants ever requested a jury at any time in this proceeding. If appellants desired a trial by jury, it was their responsibility to make a proper request for one to the Court.

Assignment number eight is therefore overruled.

The decree of the Chancellor is affirmed and the Appellants are taxed with the cost of this appeal.

Cooper, P. J. (E.S.), and Parrott, J., concur.