Holley TIPTON and wife, Ruby Tipton, Plaintiffs-Appellants,

v.

Jack C. SMITH and wife, Barbara Smith, Defendants-Appellees.

Court of Appeals of Tennessee, Middle Section.

Aug. 31, 1979.

Certiorari Denied by Supreme Court Jan. 28, 1980.

Robert F. Turner, Jamestown, for plaintiffs-appellants.

John E. Appman, Jamestown, for defendants-appellees.

OPINION

LEWIS, Judge.

This is a suit in ejectment asking the trial court to decree the title and right of possession of a disputed fourteen acre tract of land to be in plaintiffs and defendants' claim thereto to be declared void and a cloud upon plaintiffs' title.

Plaintiffs deraigned their title to the disputed tract through a chain of conveyances originating in Tennessee Grant No. 3002, dated May of 1833.

Defendants deraigned their title to the disputed tract through a chain of conveyances originating in Tennessee Grant No. 2473, dated May of 1832.

Plaintiffs also averred ownership of the property through alleged continuous, actual, exclusive, adverse possession for over fifty years pursuant to T.C.A. §§ 28–201 and 205.

Both parties engaged surveyors to plat their respective properties and introduced numerous maps, deeds, pictures and documents into evidence.

The cause was heard in the Chancery Court without the intervention of a jury. After lengthy testimony, the Chancellor held for defendants, dismissing plaintiffs' Complaint on the basis of their failure to sustain the material allegations therein by a greater weight of the evidence.

Plaintiffs have assigned numerous errors in the court below, which we paraphrase here:

1. It was error not to find in plaintiffs' favor as they proved a valid title to the land by deraignment pursuant to T.C.A. § 23–1302; adverse possession pursuant to T.C.A. §§ 28–201 and 205, and; payment of state and county taxes for more than 20 years pursuant to T.C.A. § 28–209.

2. The Chancellor erred in not granting plaintiffs' Motion for a Continuance based on defendants' refusal to allow plaintiffs to examine defendants' chain of title until the day of trial.

3. It was error for the Chancellor to overrule plaintiffs' Motion to Rehear because defendants had failed to prove their title or right to possession of the disputed land.

4. The Chancellor erred because defendants failed to except to any of plaintiffs' title; failed to controvert plaintiffs' proof, and; defendants' alleged adverse possession was not of the tract in question.

5. The Chancellor erred in admitting the aerial map into evidence because it was never authenticated; it was not filed as part of the record; it was incompetent evidence, and; it was highly prejudicial.

Plaintiffs' primary contention is that the proof is contrary to the Chancellor's holding.

■ In an ejectment suit, the complainant may establish his legal title by deraignment from the state, or by seven years adverse possession under a registered color of title by grant from the state or by twenty years actual adverse possession or by deraigning title to a common source. *Atkinson v. Atkinson*, 23 Tenn.App. 269, 130 S.W.2d 157 (1939).

■■ Where a party bases his title or right to possession of property upon adverse possession the burden is upon him to sustain that contention. *United States v. McCulley*, 100 F.Supp. 379 (E.D.Tenn.1951); *Cincinnati, N.O. & T.P.R. Co. v. Sharp*, 141 Tenn. 146, 207 S.W. 728 (1918). The burden of proof is upon plaintiffs herein to establish their title and right of possession. *Bertha v. Smith*, 26 Tenn.App. 619, 175 S.W.2d 41 (1943).

■ Plaintiffs assert that defendants' contention that their older grant evidences good title is without merit because defendants did not prove their title covered the land in question. Plaintiffs' argument is without merit. Plaintiffs, bearing the burden of proof in this action, introduced their chain of title. In response, defendants did likewise. When a complainant sues in ejectment, he must rely on the strength of his own title rather than on the weaknesses of his adversary's. *Bertha v. Smith, supra*; *Atkinson v. Atkinson, supra*; *Demarcus v. Campbell*, 17 Tenn.App. 56, 65 S.W.2d 876 (1933).

We have reviewed this record in great detail. The evidence and testimony of the witnesses do not create a clear picture as to the status of this tract in question in either title or possession, actual or adverse.

Both parties tendered documents and testimony as to their title to the disputed area. Both parties introduced evidence of payment of taxes on the tract. Both parties introduced the testimony of their respective surveyors, Mr. Davis and Mr. Foy. Both parties challenged the reliability of the opposing party's survey as to the beginning point used in each survey. Both parties introduced testimony of their respective timber cuttings, cultivation and general use of the disputed tract.

■ The one fact that is readily clear from the record is that plaintiffs have failed to establish, by the greater weight of the evidence, that they are the true owners either by title or adverse possession under any of the statutes on which they rely.

■ Pursuant to T.C.A. § 27–303 (Supp. 1978), all cases tried in a court of record without the intervention of a jury come to this court de novo upon the record of the trial court, accompanied by a presumption of the correctness of the judgment or decree of the trial court, unless the preponderance of the evidence is otherwise. *Bevins v. George*, 36 Tenn.App. 308, 255 S.W.2d 409 (1952).

■ Where the evidence preponderates against the finding of the Chancellor, it is the duty of the Court of Appeals to enter a decree as the law and evidence warrant. *Loftis v. Stuyvesant Ins. Co.*, 54 Tenn.App. 371, 390 S.W.2d 722 (1964). However, in the event the evidence is found to be equipoise as to the facts, the presumption as to the correctness of the findings of the trial court prevails. *Bennett v. Woodard*, 60 Tenn.App. 20, 444 S.W.2d 89 (1969); *Kennon v. Commercial Standard Ins. Co.*, 52 Tenn.App. 521, 376 S.W.2d 703 (1963).

We find that the plaintiffs have failed to overcome the presumption of correctness accompanying the Chancellor's Decree. Plaintiffs' assignments of error one and four are without merit and are overruled.

In their second assignment of error, plaintiffs assert that it was error for the trial court not to grant their Motion for a Continuance. Plaintiffs complain that defendants did not permit them to examine defendants' chain of title until the day of trial.

■ The granting or denying of a Motion for a Continuance addresses itself to the sound discretion of the Chancellor, after an examination of the record and the status of the cause at the time the application for a continuance is made. *Valley v. Lambuth*, 1 Tenn.App. 547 (1925). Further, the matter of granting or refusing a continuance is largely one of discretion on the part of the trial court, and its action will not be interfered with unless there is a clear showing of abuse on its part. *Morrow v. Drumwright*, 202 Tenn. 307, 304 S.W.2d 313 (1957).

Plaintiffs, by the taking of discovery depositions or propounding interrogatories, could have determined prior to the morning of trial what defendants' defense was going to be and further could have had an opportunity to examine defendants' chain of title. The record shows that the Complaint was filed on July 20, 1976, and that this case was not tried until March 28, 1978, a period of one year, eight months and eight days.

■ Further, to entitle an appellant to reversal because of the trial court's refusal to grant a continuance on the ground that appellant was not prepared for trial, appellant must show not only that he was not prepared but also that a new trial would change the result.

■ In the case at bar, plaintiffs were availed of the opportunity to verify defendants' title to the tract in question. They cross-examined defendants' witnesses and spent a considerable amount of trial time in analyzing the reliability of defendants' survey. Without a clear showing of abuse on the part of the Trial Court, we are not prepared to disturb the proper exercise of its discretion in denying the Motion for a Continuance.

Assignment of error two is overruled.

Plaintiffs further filed a Motion to Rehear in the Trial Court. The motion was overruled. In support of the motion, plaintiffs contend that defendants failed to prove their title or right of possession to the disputed land, their alleged possession being a field located elsewhere. Plaintiffs discovered these alleged facts by way of a survey made subsequent to trial of this cause.

The net effect of plaintiffs' grounds for a new hearing can best be described as the discovery of new evidence which tends to prove otherwise than did the proof adduced at trial. The core of this issue then turns on the principles of due diligence of the parties, nature of the evidence discovered, and the relevancy, materiality and competency of the evidence.

A Motion to Rehear is, in effect, the equivalent of a Motion for a New Trial. They would serve identical purposes, that is retrial on the issues to induce a judgment favorable to the movant.

■ A Motion to Rehear is not a recognized motion under our current rules and therefore the making of such a motion is not a matter of right.

In rather harsh and absolute terms it has been stated:

[A] re-hearing in Equity is not a matter of right but is addressed to the sound discretion of the Chancellor and his exer-

cise of such discretion cannot be assigned for error, or reviewed in an Appellate Court. *Vela v. Beard*, 59 Tenn.App. 544, 556, 442 S.W.2d 644, 649 (1968).

In any event, considering the merits of the assignment, we would concur in the Chancellor's disposition of the motion.

We reiterate the import of *Bertha v. Smith, supra*, which directs that a complainant suing in ejectment must rely on the strength of his own title rather than on the weaknesses of his adversary's. We note again that both parties introduced surveys made on each's behalf. Nothing is gainsaid by the fact that plaintiffs were aware, well before trial, of the name and claim of defendants to the disputed tract and had available to them numerous discovery techniques including but not limited to the tracing of defendants' title back to its origin in the Grant of May of 1932.

 Where a party fails to procure evidence, which, with ordinary diligence, he might have procured, a motion for a new trial for the purpose of introducing such new evidence may properly be denied. *Pruitt v. Talentino*, 62 Tenn.App. 484, 464 S.W.2d 294 (1970).

Further, it has long been recognized that a new trial will not be granted on account of newly discovered evidence which is merely cumulative. *See Shelton v. Southern Ry. Co.*, 255 F. 182 (E.D.Tenn. 1918); *Jones v. White*, 30 Tenn. (11 Humph.) 268 (1850). Cumulative evidence in regards to a new trial is evidence which speaks to facts in relation to which there was evidence adduced on trial. *Vest v. Bittner*, 34 Tenn.App. 575, 241 S.W.2d 438 (1951).

In *Monday v. Millsaps*, 37 Tenn.App. 371, 264 S.W.2d 6 (1954), this court noted that newly discovered opinion or expert testimony cannot be the basis for granting a new trial.

It is evident upon the face of these authorities that the Chancellor, acting within the ambit of his broad discretion, properly disposed of the Motion to Rehear and we would affirm that disposition both on the law and facts.

We have reviewed the plaintiffs' bases for their allegations in assignment of error five. The record shows that the Chancellor admitted the map into evidence as exhibit # 10 to the direct examination of Dr. Jack C. Smith. The map was never authenticated by the trial court. However, such a failure to authenticate the map does not constitute reversible error in this cause. The aerial map was one of many different forms of maps used in this litigation. During the course of the trial, this property was described by grants, deeds, affidavits, surveyor's maps, pictures and, of course, the aerial map. We cannot find in the record any place where the use of the aerial map supplied crucial evidence which had not been adduced at trial either prior to or subsequent to its use. The aerial map was merely cumulative of all the other maps and descriptions entered into evidence and its use was not determinative of any issue in this matter.

Plaintiffs' fifth assignment of error is without merit and is overruled.

It results that all of plaintiffs' assignments of error are overruled and the Decree of the Trial Court is affirmed. Costs are taxed to plaintiffs.

SHRIVER, P. J., and TODD, J., concur.