IN THE COURT OF APPEALS OF TENNESSEE

AT KNOXVILLE

FILED

March 2, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

DAVID E. LIND, et ux MYRA
GWYNN LIND,

    Plaintiffs-Appellees,

v.

ALLEN M. WEBB, CLYDE N. WEBB,
and ASTER VANCE WEBB,

    Defendants-Appellants.

) C/A NO. 03A01-9710-CH-00473
)
) KNOX CHANCERY
)
) HON. SHARON BELL,
) CHANCELLOR
)
)
)
) AFFIRMED
) AND
) REMANDED


CHARLES G. TAYLOR, III, McDONALD, LEVY & TAYLOR, Knoxville, for
Plaintiffs-Appellees.

STEVEN G. SHOPE, Knoxville, for Defendants-Appellants.


**O P I N I O N**


Franks, J.


In this boundary line dispute the defendants appeal from a judgment in
favor of plaintiffs, insisting that the evidence established their right to the disputed
area by adverse possession.

The plaintiffs filed this action to establish the boundary between the
parties, and defendants in their pleadings did not raise their right to the disputed area
by adverse possession. However, on the morning of trial defendants essentially
conceded the boundary line was where plaintiffs had alleged, but as the Chancellor, in
her judgment recited:

The parties then announced that in regard to the claim concerning

location of the boundary between the parties' respective lots, the parties were stipulating that the only issue to be decided by the Court was whether or not the defendants had a valid defense based upon adverse possession. It was agreed that, if the defendants could not prove that they were entitled to the disputed property by adverse possession, then plaintiffs would prevail.

After hearing testimony, the Chancellor ruled that "the defendants had not 'openly and notoriously' occupied the plaintiffs' property for a sufficient length of time to establish a valid claim by adverse possession."

In order for the defense of adverse possession to be sustained, we explained in *Panter v. Miller*, 698 S.W.2d 634 (Tenn. App. 1985):

> The burden is on the one alleging to prove his defense of adverse possession. *See Tipton v. Smith*, 593 S.W.2d 298. Adverse possession is never to be presumed, but all of its element must be proved. *Drewery v. Nelms*, (1915) 132 Tenn. 254, 177 S.W. 946. In order to be adverse, the possession must be open, notorious, continuous, actual and visible. *Sequatchie Val. Coal & Iron Co. v. Coppinger,* (1895) 95 Tenn. 526, 32 S.W. 465. The caliber of proof necessary to show those required elements is dependent upon the use to which the land is susceptible. *Blankenship v. Blankenship*, (1983 Tenn. App. W.S.) 658 S.W.2d 125. *Id*. At 636.

"Clear and positive proof" is required to establish adverse possession. *Kidwell v. VanDeventer*, 686 S.W.2d 899 (Tenn. App. 1984).

At the conclusion of the evidence, the Chancellor observed:

> For thirty years or so, or perhaps short of that, the defendants used portions of the land in question to plant seedlings, bedding plants and some shrubbery. I believe that his planting probably more likely than not extended into the disputed area, which was a heavily wooded area. The plants that the Court has been shown today . . . were indigenous or natural to the wooded areas. . . . so they are not the types of plants in general that would put one on notice that they were anything other than natural plantings that was natural to the area. There were some beds apparently in which seedlings were planted, but, as the defendant has told us, these were pretty well hidden, not to hide them from the plaintiffs, but to prevent thievery. Most telling, as the defendant has testified, people around would probably not know an activity was going on. And under the testimony, the area was so thick, as most witnesses have said, it would not invite a stroll through the area to investigate activity.

> The evidence establishes that defendants had conducted nursery

2

operations on the lot adjoining plaintiffs' lot beginning in 1950's. This activity had ceased by the time plaintiff purchased his lot in 1992. Plaintiff testified that he walked the boundary in question when he purchased the lot and there was no indication that anyone was using the property for any purpose. There were no fences, buildings or structures, and the property was heavily wooded. The engineer who made a boundary survey for plaintiffs testified that plaintiffs' land was heavily wooded and he did not observe anything that would indicate defendants were conducting a "business activity" in the heavily wooded area. The Marshalls who reside across the road from the disputed property since 1954, testified that they never had any knowledge that defendants had conducted nursery activities on the property which plaintiffs purchased. Mr. Marshall conceded on cross-examination that he never went into the woods and explained "I would have to have a machete to cut my way through the woods".

Defendant Allen Webb testified that he had continuously used the 20 ft. strip from 1975 through 1988 by planting Rhododendrons, Mahonia, Lobelia and some ferns, and conceded that the plantings "were not obvious". Webb further testified after observing that his mother had run "people off who were trying to take the stuff that was in there":

> Q.    Is that one of the reasons you tried to hide it back there?
>
> A.    Yes, sir.
>
> Q.    You tried to put them way back in the woods so they were not easily observed from the road?
>
> A.    That's part of it. Yes, sir, it was.
>
> Q.    Anybody driving by wouldn't know you planted stuff back in there, right?
>
> A.    That's correct.
>
> Q.    And the owner of that lot 183, if they had driven by they wouldn't have any idea you were occupying that land, would

3

they?

A.	I would doubt that they would.

We agree with the Trial Judge that the evidence offered by the defendant that the occasional use of the disputed area by planting and concealing nursery plants in part of the disputed area does not constitute open and visible possession. To impart notice, it has been said that:

> Notice of possession of that open and visible character which from its nature is calculated to apprise the world that the land is occupied and who the occupant is; such an appropriation of land by claimant as to apprise, or convey visible notice to, the community or neighborhood in which it is situated that it is in his exclusive use and enjoyment.
>
> 2 CJS *Adverse Possession* §50, p.714.

Considering defendants' evidence alone, the elements required to establish adverse possession are not established. *See Sequatchie Val. Coal & Iron Co.*

We affirm the judgment of the Trial Court and remand with the cost of the appeal assessed to appellants.


_____

_____
Herschel P. Franks, J.

CONCUR:



_____
Don T. McMurray, J.



_____
William H. Inman, Sr.J.

4