IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs September 15, 2003

## MARION MITCHELL v. PATRICIA MITCHELL

**Appeal from the Chancery Court for Anderson County**
**No. 95CH2736      William E. Lantrip, Chancellor**

**Filed October 31, 2003**

**No. E2002-03030-COA-R3-CV**

This is a post-divorce proceeding. Patricia Mitchell ("Wife") filed a petition seeking to modify the parties' previously-modified judgment of divorce. She alleged a change of circumstances and sought "an increased alimony award." Some 23 months later, and at a regularly scheduled hearing on the merits, the trial court denied Wife's motion for a continuance and dismissed her petition against Marion Mitchell ("Husband"). The trial court subsequently denied Wife's motion to reconsider. Wife appeals, asserting that the trial court erred in failing to grant her motion for continuance and in failing to reconsider that decision. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court**
**Affirmed; Case Remanded**

CHARLES D. SUSANO, JR., J., delivered the opinion of the court, in which HERSCHEL P. FRANKS and D. MICHAEL SWINEY, JJ., joined.

Kenneth S. Christiansen, Knoxville, Tennessee, for the appellant, Patricia Mitchell.

Lucinda M. Albiston and Virginia A. Schwamm, Knoxville, Tennessee, for the appellee, Marion Mitchell.

### OPINION

I.

The parties were divorced by judgment entered August 14, 1995. The judgment incorporated the parties' marital dissolution agreement ("MDA"), which recites that Husband will pay Wife rehabilitative alimony.

On April 11, 2000, Wife filed a petition to modify an April 2, 1997, order of the trial court that apparently[1] modified the earlier-incorporated MDA. The April 2, 1997, order recited, among other things, that Husband's final rehabilitative alimony payment was to be in the amount of $250 and was due on August 1, 2000.

Husband's answer was filed on June 9, 2000. In it, he denied that there has been a change in Wife's medical condition justifying a change in the trial court's existing decree regarding rehabilitative alimony.

Husband filed a "Motion to Dismiss for Want of Prosecution" on July 9, 2001. The motion avers that Wife had taken no discovery and had not "set the case for hearing." On August 23, 2001, Husband filed with the court and served on Wife a notice of hearing on his motion for 9:00 a.m., September 17, 2001. Husband's motion was heard by the court as noticed; it was denied by order entered September 27, 2001. In the same order, the trial court set Wife's petition for final hearing on March 4, 2002. The order goes on to recite the following:

> If [Wife] cannot be present and requires a continuance, medical proof as to her condition will need to be submitted to the Court or [Wife] shall face sanctions.

> Discovery in this cause shall be concluded forty-five (45) days before trial, or on or before January 21, 2002.

(Paragraph numbering in order omitted).

Wife's petition to modify was called for trial, as scheduled, on March 4, 2002. We have a transcript of the proceedings that day. The transcript reflects that the trial court called the matter at 9:50 a.m. When the case was called, the only counsel present was Ms. Albiston, attorney for Husband. She advised the court that Wife had taken no discovery. The court stated that Wife had not made any effort to present evidence to the court; it then granted Husband's renewed motion to dismiss, a renewal that Husband's attorney had orally made during the hearing. As the trial court was concluding its remarks pertaining to the order of dismissal, counsel for Wife came into the courtroom. The court noted that the time was then 9:55 a.m. When asked, counsel for Wife stated that *his* discovery "ha[d] been completed." Apparently this discovery consisted of some interrogatories. The record does not reflect who actually propounded the interrogatories; nor does it show the person or persons to whom they were directed.

The trial court directed the witnesses who were to testify to come forward, when counsel for Wife orally asked the court for a continuance "just long enough to allow [Wife] to recuperate from this most recent surgery [*i.e.*, surgery to repair her knee]." The lawyer said that his client had tried

---

[1]This order is not in the record; however, in Husband's written response to Wife's petition, he admits her allegations with respect to the existence and verbiage of this order.

to get into an automobile to drive from Rock Hill, South Carolina, to Clinton for the hearing, but "it became obvious to her . . . that there was no way that she was going to be able to make a four-hour drive in a car when she ha[d] to keep her leg immobilized and up." Counsel went on to say that a medical statement "that she was not able to transport" was to be faxed to him that morning.

Following counsel's remarks, the trial court stated that it was going to deny the motion for continuance "at this particular time." The trial court then asked Wife's counsel to file any depositions containing medical proof showing that she was "incapable of being self-supporting," pointing out that, even if Wife had been present to testify, "she c[ouldn't] testify as to what a doctor said or what her physical condition is anyway." When it became obvious that Wife's counsel had no such expert testimony to offer, the court again denied her motion for continuance. When asked if he had any proof to present, counsel for Wife replied in the negative; thereafter the court dismissed the petition to modify. The dismissal was memorialized in an order entered by the court on March 19, 2002.

On the day the aforesaid order was entered, Wife filed a motion to reconsider supported by a motion for continuance that tracked the statements made by Wife's counsel at the hearing on March 4, 2002. Attached as an exhibit to the motion for continuance is an unverified writing in longhand on a prescription form headed "Charlotte Orthopedic Specialists." The writing, dated March 1, 2002, is as follows:

> Patient unable to appear in court today due to being medically unable
> to travel s/p [?] revision total knee arthroplasty ORIF [?] patella fx,
> exterior mechanism [followed by one or two words that this court is
> not able to decipher].

Below this is a signature. The court cannot be sure of the person's name. Apparently, he or she is a medical doctor.

An order was entered November 7, 2002, denying Wife's motion to reconsider. This appeal followed.

II.

A motion for continuance brings into play the "broad discretion" of the trial court, and the court's "decision [on the motion] will not be set aside unless there is a clear showing of abuse." *Barber & McMurry, Inc. v. Top-Flite Develop. Corp.*, 720 S.W.2d 469, 471 (Tenn. Ct. App. 1986); *see also* *Barish v. Metro. Gov't of Nashville*, 627 S.W.2d 953, 954 (Tenn. Ct. App. 1981); *Tipton v. Smith*, 593 S.W.2d 298, 301 (Tenn. Ct. App. 1979).

"An abuse of discretion standard contemplates that a trial court's ruling will be upheld so long as reasonable minds can disagree as to [the] propriety of the decision made." *State v. Gilliland*, 22 S.W.3d 266, 273 (Tenn. 2000).

III.

Wife focuses her argument upon the fact that she was unable – because of recent knee surgery – to be in court for the hearing on her petition to modify. We believe this argument completely ignores the trial court's basis for denying the motion for continuance and dismissing Wife's petition. We now turn our attention to the trial court's real rationale for its actions.

Following a hearing on September 17, 2001 – at which time the trial court denied Husband's motion to dismiss Wife's petition for failure to prosecute – the trial court entered an order in which it stated that if Wife could not be present for the hearing scheduled for March 4, 2002, she would have to present "medical proof as to her condition" or "face sanctions." It is clear from the record before us that the trial court was referring to "medical proof" showing that Wife needed further alimony and *not* medical proof regarding the condition that prevented her from being in court on the appointed date. In other words, if Wife intended to seek a continuance, the trial court was going to insist that she be prepared to show that she could present expert medical proof arguably supporting the gravamen of her petition.

Wife filed her petition to modify on April 11, 2000. Some 23 months later, she still had no expert medical proof to present to the court to substantiate the allegations in her petition to modify. *This* is what prompted the trial court to deny her motion for continuance and dismiss her petition to modify. A court does not abuse its discretion when it dismisses a suit because a claimant – almost two years after filing suit – cannot present testimony to make out his or her case. The problem in the instant case is not the inability of Wife to be in court at the scheduled time. The problem is that Wife was totally unprepared to prove a medical condition requiring a continuation of her alimony. Such a condition, in the context of the facts of this case, could only be shown by expert testimony. There was nothing presented to the trial court even remotely suggesting that, if Wife were granted a continuance, she would be in a position to prove her case when the new trial date rolled around.

The petitioner did not diligently prosecute her case; consequently, Husband was entitled to an order of dismissal.

IV.

Wife contends that the trial court erred in refusing to grant her motion to reconsider. She cites a number of cases dealing with motions to alter or amend grants of summary judgment – motions predicated on the movant's desire to present new evidence. *See Harris v. Chern*, 33 S.W.3d 741 (Tenn. 2000); *Schaefer v. Larsen*, 688 S.W.2d 430 (Tenn. Ct. App. 1984). These cases – dealing as they do with summary judgment – are not authority to support Wife's contention that the trial court should have reconsidered its denial of Wife's motion to continue and its grant of Husband's motion to dismiss.

The motion to reconsider suffers from the same infirmity as that of the motion for a continuance. Neither shows that Wife had the necessary evidence to make a *prima facie* showing

of a right to the relief requested in her petition. The motion to reconsider did not bring before the court anything showing that Wife had any admissible relevant evidence on the issue that prompted the trial court's initial decision. Furthermore, even if Wife's inability to travel was the critical issue – and we have held that it is not – we would be loath to place the trial court in error based on an unverified, somewhat vague and undecipherable statement on a prescription form.

The trial court did not abuse its discretion in denying Wife's motion to reconsider.

V.

The judgment of the trial court is affirmed. Costs on appeal are taxed to the appellant, Patricia Mitchell. This case is remanded to the trial court for collection of costs assessed below, pursuant to applicable law.

_____
CHARLES D. SUSANO, JR., JUDGE