IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs, October 8, 2009

# DONALD SIMMONS, v. KC CONSTRUCTION AND CONSULTING, INC., et al.

**Appeal from the Chancery Court for Sevier County**
**No. 08-2-028     Hon. Telford E. Forgety, Jr., Chancellor**

**No. E2009-01005-COA-R3-CV - FILED MARCH 30, 2010**

Plaintiff brought this action for breach of contract. The issues were referred to a Special Master, and the plaintiff on the hearing date, acting *pro se*, asked for a continuance which the Master denied. The defendant moved to confirm the Master's report and a hearing was set on the Motion. The plaintiff, again acting *pro se*, asked for a continuance, which was again denied. The plaintiff, acting *pro se*, moved to set aside the Judgment because he did not get a full ten days to file objections, and the court set aside the Judgment and set another hearing date. After hearing plaintiff's objections, the Court affirmed the Special Master's report and entered Judgment. Plaintiff, on appeal, raises the issues of whether the Trial Court erred in not sustaining objections to the Master's report, whereby the Master allowed defendant to interview witnesses and exhibits at the hearing without compliance with local rules that require the parties to exchange names of witnesses in advance of trial, and whether the Trial Court erred in denying plaintiff's motion for continuance.

We affirm the Judgment of the Trial Court.

**Tenn.  R. App. P.3 Appeal as of Right; Judgment of the Chancery Court Affirmed.**

HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the Court, in which  CHARLES D. SUSANO, JR., J., and.  D. MICHAEL SWINEY, J., joined.

Bruce Hill, Sevierville, Tennessee, for the appellant, Donald Simmons.

Scott D. Hall, Sevierville, Tennessee, for the appellee, K.C. Construction and Consulting, Inc.

# OPINION

Plaintiff filed a Declaratory Judgment action against defendants, alleging that defendant KC Construction owned certain property in Sevier County, and that defendant Highlands Union Bank held the mortgage on the lot that KC conveyed to plaintiff, with C. Dan Scott as the trustee.

Plaintiff alleged that KC agreed to sell him the property with improvements known as Lot 24R in the Laurel Creek Subdivision, and plaintiff gave KC a check for $25,000.00 as earnest money. Plaintiff alleged that KC sent him to First Capital Lending to obtain a loan for the purchase, and that he, KC, and First Capital (by its agent Vincent Patti) worked together to produce a good faith estimate, which plaintiff attached as an Exhibit to his Complaint. Plaintiff alleged that the $25,000.00 earnest money was not deposited into an escrow account, and he believed that it was no longer available.

Plaintiff asked for a declaration from the Court that he had a real estate contract with KC for the conveyance of Lot 24R for $260,000.00, and that the $25,000.00 earnest money deposit be paid to his counsel's trust account or the Court's registry until the real estate transaction was closed. He attached a letter from KC which stated that plaintiff sent a deposit on a home KC was building for him in the amount of $25,000.00, and that $10,000.00 of same was non-refundable. Plaintiff attached a copy of a check for $25,000.00, and the good faith estimate.

KC filed an answer, asserting that plaintiff had breached the parties' contract as an affirmative defense, and admitted that the parties had a written contract, but asserted that it was breached, which entitled KC to retain the deposit. Further, that plaintiff breached other contracts with KC, and that KC was entitled to certain damages, and in its Counter-claim, explained that plaintiff breached the contract by failing to close the purchase by February 1, 2008, and failing to pursue financing. KC alleged that it was entitled to $10,000.00 which was a non-refundable deposit, as well as attorney's fees, and damages for plaintiff's failure to perform construction services on other contracts.

Subsequently, plaintiff's counsel moved to withdraw, which was granted.

The parties entered an Agreed Order, which plaintiff signed as a *pro se* litigant, that stated that the deposition of Vincent Patti, a resident of Florida, could be taken by telephone, and also stated that John Fowler could serve as special master. The Court also ordered that the plaintiff should provide additional documentation by July 25, 2008, and that based on his discovery responses, he would not be able to submit evidence to contradict his representation that the only written correspondence by KC was the letter attached to the complaint, and a letter quoting $75.00 per hour.

KC then filed a Notice of Deposition, stating that Patti's deposition would be taken by telephone on August 5, 2008. The Special Master then sent a notice to all parties on August 1, 2008,

that the hearing would be held on August 29, and KC served a witness list on August 25, 2008, naming Vincent Patti as a witness.

The Special Master filed a Report, stating that at the hearing on August 29, 2008, plaintiff (representing himself) asked for a continuance. The Master stated that he could not control the docket of the Sevier County Chancery Court, and there was a hearing date set in the near future for review of the master's report.  Moreover, the Master stated that the plaintiff had agreed to the appointment of the Master and the hearing date, and had not filed a motion for a continuance prior to the hearing.  The Master then denied plaintiff's oral motion for a continuance, and the report stated that at that point, plaintiff decided to remove himself from the proceeding without introducing any proof.  The trial proceeded on KC's counter-claim.

Following the evidentiary hearing, the Master found that plaintiff failed to comply with the provisions of the sales contract, which resulted in a breach.

The Master found that the sales contract provided that if plaintiff breached or defaulted under the terms of the contract, he would forfeit his earnest money of $25,000.00.  The Master thus found that KC was entitled to keep the entire $25,000.00.  The Master further found that the sales contract also provided for KC to receive attorney's fees if it was the prevailing party in an action to enforce the agreement.

The Master found that KC also sought damages for the work that plaintiff agreed to do but did not, or which plaintiff did poorly and KC had to pay to have redone. The Master set aside plaintiff's lien lis pendens, and ordered that KC's damages would be set off by the $25,000.00 earnest money that KC retained, such that KC was awarded a judgment against plaintiff for $15,626.74.

KC filed a motion to affirm the Master's report, and sent plaintiff a notice of the hearing on its motion, which was set on September 23, 2008.

On September 22, 2008, plaintiff filed a Motion for Continuance, stating that he had tried to find counsel by contacting numerous lawyers, but that every one of them had a conflict of interest. Plaintiff stated that despite his inability to find counsel, defendant's counsel proceeded with taking depositions outside of plaintiff's presence.

The court held a hearing on September 23, 2008, and adopted the Special Master's report, finding that there had been no exceptions to the same.  The Court entered judgment against plaintiff for $15,626.74, and ordered plaintiff's lien declared void and  dismissed plaintiff's claims.

Responding to plaintiff's Motion, the Court entered an Order setting aside the Judgment, stating that since plaintiff did not get his full ten days within which to file objections to the Special Master's report, then the Judgment affirming same should be set aside.  A hearing on plaintiff's objections was set for March 5, 2009.  After the hearing, the Court entered a Judgment affirming the Special Master's report.

On appeal, plaintiff raised these issues:

1.      Whether the Trial court erred in not sustaining objections to the Special Master's report whereby the Master allowed KC to introduce witnesses and exhibits at the hearing without compliance with local rules that require the parties to exchange written witness and exhibit lists in advance of the trial?

2.      Whether the Trial Court erred in denying plaintiff's motion for continuance?

Plaintiff argues that he was prejudiced because the defendant did not file its witness and exhibit lists at least seven days before the hearing, as required by local rules. He conceded, however, that application of the local rules is discretionary with the Trial Court, rather than mandatory, and that the Trial Court has the power to waive the same if it so chooses. *See Killinger v. Perry*, 620 S.W.2d 525 (Tenn. Ct. App. 1981).

Plaintiff did not participate in the hearing other than to ask for a continuance and to argue with the special master regarding whether the hearing should be conducted at all and by whom. Plaintiff did not object regarding the timeliness of the witness or exhibit lists nor defendant's alleged non-compliance with the local rules. In this regard it is well-settled that issues not raised at trial cannot be raised for the first time on appeal. *Waters v. Farr*, 291 S.W.3d 873 (Tenn. 2009). Further, as defendant points out, plaintiff cannot now claim that the Trial Court erred in allowing certain evidence if he failed to object to the admission at the time of the trial. Tenn. R. Evid. 103.

Next, plaintiff argues regarding whether he was given adequate notice of the deposition of Vincent Patti. Plaintiff signed an Agreed Order that Patti's deposition could be taken for proof via telephone. KC then filed a Notice of Deposition stating that Patti's deposition would be taken on August 5, 2008. The Notice contained a certificate of service stating that it was mailed to plaintiff on July 29, 2008. Plaintiff asserts that this does not satisfy the notice requirements under the local rules.

Whether plaintiff received proper notice is waived, since plaintiff did not raise the issue at the trial of the case. *See Waters*. Plaintiff argued at the hearing that he had not received a copy of the deposition, but he did not raise the issue of whether he had received proper notice of the hearing. We find the issue to be without merit.

Plaintiff further argues that the Court erred in refusing to grant him a continuance. The decision of whether or not to grant a continuance is discretionary with the Trial Court, and this discretion will not be interfered with unless there is a clear showing of error on its part. *Tipton v. Smith,* 593 S.W.2d 298 (Tenn. Ct. App. 1979). As defendant asserts, there must be a showing of prejudice or surprise which arises from the trial court's failure to grant a continuance and that a new trial would change the result reached. *Id.*

In this case, plaintiff cannot show prejudice or surprise since he was sent notice of the August 29 hearing date, and he never filed a written motion for continuance, but rather made an oral motion on the morning of trial, and he has not shown that a new trial would change the result reached. This issue is also without merit.

For the foregoing reasons we affirm the Judgment of the Trial Court and remand, with the cost of the appeal assessed to appellant, Donald Simmons.

_____
HERSCHEL PICKENS FRANKS, P.J.