Thomas Robertson, *et al. v.* Nelson Walker, *et al.*

Thomas Robertson, *et al. v.* Nelson Walker, *et al.*

1. Voluntary Unincorporated Associations. *Rights of members.*
   Where certain members of a voluntary unincorporated charitable
   association, having been expelled therefrom, filed a bill for dissolu-
   tion and winding up of its affairs, and for division of effects among
   the members. *Held,* that the funds contributed became the money of
   the association, for the purposes of the society, and no member had
   any individual claim to it, but was only entitled to the benefits pro-
   vided by the rules of the society.

   Cases cited: Gass *v.* Wilhite, 2 Dana, 170 ; Duke *v.* Fulden, 9th New
   Hampshire, 538.

2. Same. *A Court of Chancery has no power to restore members. When.* The
   parties having no individual property rights to be asserted, and the
   action of the majority in their expulsion, being *prima facie* correct.
   *Held,* a Court of Chancery has no power, under the facts of the case,
   to restore such persons as were expelled, to the position as members
   of the society.

   Cases cited: Cases in Chancery H. L. R., Vol. 10, 305 ; State *v.* Eliston,
   MSS., Nashville, 74.

---

FROM DAVIDSON.

---

Appeal from the Chancery Court. E. H. East,
Chancellor.

Henry Adams for Robertson.

Guild & Smith for Walker.

Freeman, J., delivered the opinion of the Court.

This bill is filed by a number of parties, who claim
to have been members of a voluntary, unincorporated,

charitable association, known as the " Good Samaritans," in the city of Nashville.

The objects of the society were to aid the sick and infirm, bury the dead, and generally to minister to the distress of members.

It was composed entirely of females. The funds for the purpose of organization, were obtained by initiation fees and dues assessed upon the members. These funds, when thus realized, were placed in the hands of a Treasurer, who paid them out under the direction of the society. Before the filing of the bill, a division of sentiment seems to have arisen among the members, and ultimately, complainants were, by a majority of the membership, expelled from the privileges of the society. The prayer of the bill is, that complainants be restored to their rights in said society, or that the society be dissolved, and its affairs wound up, and effects divided according to the rights of the parties.

The bill seems to go on the idea that the association was a partnership, in which the members had an individual interest in the common fund, to which they can assert a claim. We need but say, that it has no elements of a partnership; that the funds contributed became the money of the association for the purposes of the society; no member had any individual claim to a dollar of it, but was only entitled to the benefits provided by the rules of the society. We refer to the case of *Gass* v. *Wilhite,* 2 Dana, 170; *Duke* v. *Fulden,* 9th New Hampshire, 538, for the

principles governing the rights of the parties in this aspect of the case. We have commented on and approved these cases in the case of *The State, etc.* v. *Elliston,* at the present Term, and need not again cite their facts in detail. It is sufficient to say they are conclusive against the right of the parties to have a dissolution of the society, and division of its funds.

The other prayer for relief is, that the complainants be restored to their position as members of the society.

The parties having no individual property rights to be asserted, the question is, can a Court of Chancery, under the facts of the case, restore them to their position as members of the society? We can see no ground on which such relief can be granted. There is a resolution in the record, showing the parties to have been expelled for what was deemed disorderly conduct, by an almost unanimous vote of the body. Whether this was right or wrong, we have no means of judging, or whether any by-law or regulation of the society was violated by this act, we cannot see. *Prima facie,* the action of the body was correct, and the minority must abide by it. In fact, it may be well questioned, whether the true rule in such cases is not as given by Lord Cranworth, cited in case of Cases in Chancery, H. L. R., Vol. 10, 305, that "There is no authority in the Court to take cognizance of the rules of a voluntary society, save only so far as it may be necessary, for the due disposal and administration of property." Such is the rule in reference

to church controversies, and we see no reason for applying a different rule to any other voluntary association, such as is now before us. If the Courts take cognizance of such a case, why not do so to restore members of churches when expelled, or Masonic societies, or any other like organizations. However, without deciding definitely this question, we hold that it is certain, from the record before us, we can grant no such relief to the present applicants.

Reverse the decree of the Chancellor, and dismiss the bill with the costs of this and the Court below.