Lillie Mae MORAN, Ivy F. Moran, Mildred Hutchison and James A. Hutchison, Plaintiffs-Appellants,

v.

Jean VINCENT, Worthy Grand Matron of the Grand Chapter of the Order of the Eastern Star, an unincorporated association, on behalf of herself and other members of the Order of the Eastern Star, Defendants-Appellees.

Court of Appeals of Tennessee, Middle Section.

June 29, 1979.

Rehearing Denied Aug. 3, 1979.

Certiorari Denied by Supreme Court Oct. 22, 1979.

Joel H. Moseley, Nashville, for plaintiffs-appellants.

Sam Wallace, Nashville, for defendants-appellees.

OPINION

SHRIVER, Presiding Judge.

Plaintiffs-appellants filed this complaint in the Chancery Court at Nashville, Tennessee, alleging that they were unlawfully expelled from membership in the Order of the Eastern Star, State of Tennessee, and have appealed to this Court from the judgment and decree of the Chancellor wherein he sustained the motion of defendants for a summary judgment of dismissal of plaintiffs' cause of action.

The complaint alleges that on November 9, 1976, charges were brought without good cause, for reasons other than those stated, and that the charges were not defined so that plaintiffs could reasonably understand the nature thereof; that during the mem-

bership meeting of November 9, 1976, the procedure utilized was not in compliance with the Code of Laws and the Penal Code of the Order.

It is further alleged and the record shows that on November 20, 1977, pursuant to the request of the Centerville Chapter No. 329, the Worthy Grand Matron appointed a Trial Commission to hear the charges against the four plaintiffs and a summons was sent out for them to appear for trial on January 22, 1977, but it is averred that said summons did not comply with the requirements of the Penal Code of the Order; that on January 22, 1977, a trial was conducted by the Trial Commission but that the rules and regulations established in the Code of Laws and Penal Code were not followed; that evidence was presented in support of the charges and that those being tried presented evidence against the charges and in support of their insistence that they were not guilty thereof; that plaintiffs were notified in writing of the decision of the Trial Commission which had found them guilty of the charges and order a suspension of their membership, and, thereafter, plaintiffs appealed the decision and, on February 11, 1977, were notified that the appeal was referred to the Grand Chapter for review in accordance with Penal Code, Chapter 9, Section 2; that on April 26 and 27, 1977, the Appeals and Grievance Committee of the Grand Chapter met in Nashville and reviewed the decision of the Trial Commission and, without following the procedures established in the Code of Laws, modified the decision of the Trial Commission and expelled the plaintiffs from membership in the Order of the Eastern Star and that on May 2, 1977, the Grand Secretary of the Grand Chapter notified the Secretary of the Centerville Chapter No. 329 of the decision to expel plaintiffs and asked the Secretary to request the plaintiffs to surrender their Chapter Dues Cards.

It is also averred that on May 23, 1977, the Worthy Grand Matron notified plaintiffs in writing that the decision of the Grand Chapter to expel them was final and that no other appeal was possible, and that plaintiffs have exhausted all remedies provided by the rules and regulations of defendant organization.

It is charged that plaintiffs are wrongfully denied the rights and privileges of membership in violation of their contractual rights as members of the organization and that their wrongful expulsion resulted in the destruction of a valuable personal relationship to the organization.

The prayers of the complaint are for the Court to accept jurisdiction of the case based on the contractual relationship between plaintiffs and the Order of Eastern Star; that the Court determine that the actions of the defendants in expelling plaintiffs were invalid because they were expelled without good cause and without benefit of proper procedure and in a manner so unjust that malice is shown to exist; that the Court order the reinstatement of plaintiffs to membership; and for general relief.

The Constitution and the By-Laws of the Order of the Eastern Star are made exhibits to the complaint, along with a copy of the charges against plaintiffs, numerous letters, and copies of notices, etc.

Defendants filed their Motion for Summary Judgment, as follows:

"MOTION FOR SUMMARY JUDGMENT

Come the defendants and respectfully move the Court for a summary judgment for the following reasons:

1. The Grand Chapter of the Order of the Eastern Star of Tennessee is an unincorporated association being social in nature.

2. That the Court has no jurisdiction to determine whether or not the Constitution of the said association has been violated, this being a matter only to be determined by said association.

3. The allegations contained in the original complaint, if taken as true, do not constitute a cause of action upon which this Court could or may render the relief sought.

4. This action, upon its face, cannot be maintained under Rule 23.07 of the Tennessee Rules of Civil Procedure.

5. This complaint cannot be maintained as a class action.

/s/ Sam E. Wallace, Sr.

Attorney for Defendants"

Plaintiffs filed a "Cross Motion for Summary Jud-gment," asking the Court to deny defendants' motion and for entry of summary judgment in their behalf. In said motion it is stated that plaintiffs do not dispute the fact that the Grand Chapter of the Order of the Eastern Star is an unincorporated association and it is asserted that the law in Tennessee establishes the right of Courts to intervene in the internal affairs of unincorporated voluntary associations and grant relief where its by-laws were applied unfairly, arbitrarily, and in an oppressive manner.

—Chancellor's Memorandum Opinion—

After hearing the cause, Chancellor C. Allen High filed the following Memorandum Opinion:

"MEMORANDUM

This matter is before the Court on defendants' and plaintiffs' motions for summary judgment.

This is an action by plaintiffs claiming they were wrongfully expelled from membership in the Order of the Eastern Star.

The complaint alleges that on November 9, 1976, charges against plaintiffs were read in an open meeting of the Centerville Chapter No. 329. A vote was taken to accept the charges and to request the appointment of a trial commission.

Plaintiffs were summoned to appear January 22, 1977, before a trial commission appointed to hear the charges. Copies of the charges were attached to the summons together with a notice that they had a right to appear with counsel.

Plaintiffs did appear with counsel at the trial conducted by the commission.

On February 2, 1977, plaintiffs were notified in writing of the decision of the trial commission finding them guilty and imposing a six-months' suspension.

Following an appeal by two of the plaintiffs the Appeals and Grievance [Committee] of the Grand Chapter of Tennessee Order of Eastern Star, by vote expelled the plaintiffs from membership.

No property right was affected by the expulsion.

Courts are hesitant to interfere with the internal affairs of private associations or clubs. *Tennessee Secondary School Athletic Association v. Cox,* 221 Tenn. 164, 425 S.W.2d 597 (1968).

'The general rule is that the foundation of the jurisdiction of a court of equity in a case of expulsion of a member of a voluntary association is the right of property of which the member is deprived by the expulsion, and it is frequently stated as a rule that if there is no right of property affected, a court of equity can grant him no relief.' § 40, Associations and Clubs, 6 Am. Jur.2d 471.

Where as here the expelled member had reasonable notice of the charges, an opportunity to be heard, and the trial conducted in accordance with general principles of law and justice, the courts should not interfere. No property rights of the plaintiffs were involved and the procedures that were followed meet the requirements of substantial fairness.

Defendants' motion for summary judgment will be granted, and defendants' attorney should prepare a judgment in accordance with this Memorandum.

Sept. 12, 1978

/s/ C. Allen High

CHANCELLOR"

The foregoing opinion was followed by a decree, entered September 20, 1978, implementing the decision of the Court as announced in the opinion, followed by motion to reconsider which was overruled and an appeal to this Court granted.

—Assignments of Error—

There are three assignments of error, as follows:

"1. The Chancellor erred by granting appellees' motion for summary judgment

and dismissing the complaint on the basis of the lack of jurisdiction in an equity court to intervene in the affairs of a private association.

2. The Chancellor erred in granting appellees' motion for summary judgment and dismissing the complaint on the basis of the lack of a cause of action upon which relief can be granted.

3. The Chancellor erred by denying the appellants' motion for summary judgment since no disputed issue exists as to any material fact for the Court to resolve, and all the facts presented support the allegation that the appellants were wrongfully expelled without good cause, without benefit of proper procedures set out by the Constitution and By-Laws of the organization and in an inequitable, arbitrary and oppressive manner."

—Our Conclusions—

We concur in the conclusions of the Chancellor and his finding that no property rights were affected by the expulsion of plaintiffs from the Order of the Eastern Star, and that the procedures followed were substantially in accordance with the Constitution and By-Laws of the Order and meet the requirements of substantial fairness.

The Chancellor referred to *Tennessee Secondary School Athletic Association v. Cox,* 221 Tenn. 164, 425 S.W.2d 597 (1968), in which case our Supreme Court, in dealing with a question very similar to the one involved in the case at bar, pointed out that the evidence did not show that the proceedings before the Board of Control of the Association were not conducted in good faith and lawfully and, referring to 6 Am. Jur.2d, Associations and Clubs, Section 27, page 453, pointed out that it is well established that the Courts will not interfere with the internal affairs of voluntary associations, except in cases involving fraud, lack of jurisdiction, or the invasion of property rights.

The Court quoted with approval from *Robertson v. Walker,* 62 Tenn. 316 (1874), to the effect that a court of chancery cannot restore parties to their position as members of a voluntary charitable association where they have no individual property rights to be asserted, and concluded as follows:

". . . Where such by-laws infringe no public policy or rule of law and are not unreasonable, the court will never interfere to control their enforcement, but such corporations or associations will be left to enforce their rules and regulations in the manner they have adopted for their own government and methods of discipline."

In the case of *Coke v. United Transportation Union,* 552 S.W.2d 402 (Tenn.App. 1977), this Court, in an Opinion by Judge Todd, held that courts may intervene where the procedures of the Union were not followed or where its officers acted in an arbitrary, oppressive, or unlawful manner.

In the case at bar we find nothing in the record to support the allegation of arbitrary, oppressive or illegal action on the part of the members and officers of the Order of the Eastern Star in dealing with the charges against the appellants herein.

It is to be noted that among the provisions in the Constitution and By-Laws of the Order of the Eastern Star is the following:

Section 7. *Final Judgment.*—The Grand Chapter shall have authority to determine all controversies between Chapters, or between a Chapter and members of other Chapters, to enforce discipline on its officers and members of the Order in the State when the Subordinate Chapters fail to enforce discipline, to decide all appeals from the action of Subordinate Chapters or their officers or from the actions of Grand Officers or members of Grand Committees.

In Assignment No. 3, appellants charge error in not granting their Motion for Summary Judgment ". . . since no disputed issue exists as to any material fact for the Court to resolve."

When the procedures outlined in the bill of complaint and supported by exhibits are compared with the By-Laws of the Order, the charges of irregularities and arbitrari-

ness on the part of the defendant Order are not sustained but are substantially refuted.

From all of the facts and circumstances disclosed by this record, we conclude that the Chancellor reached the right decision, hence, the judgment of the Chancery Court is affirmed.

AFFIRMED.

TODD and LEWIS, JJ., concur.

—ON PETITION TO REHEAR—

SHRIVER, Presiding Judge.

Petitioners, plaintiffs-appellants in the above styled cause, have filed a Petition to Rehear the opinion and judgment of this Court heretofore filed on June 29, 1979.

A consideration of the petition discloses that no material matters in said cause are brought to the attention of this Court which were overlooked and not fully considered in the said opinion and decree of the Court of June 29, 1979.

The said Petition to Rehear is respectfully denied.

TODD, and LEWIS, JJ., concur.