Parker **OWENS**, Plaintiff and Counter Defendant-Appellant,

v.

**BRICKS, INC.,** A Tennessee Corporation, **Ernest M. Owens, Robert B. Owens, Melvin Owens,** and **Frankie Owens,** Defendants and Counter Plaintiffs-Appellees.

Court of Appeals of Tennessee, Western Section, at Jackson.

Sept. 5, 1985.

Application for Permission to Appeal Denied Dec. 30, 1985.

Prince C. Chambliss, Jr. and Stewart C. Stallings, Memphis, for plaintiff and counter defendant-appellant.

Charles E. Carpenter, Memphis, for defendants counter plaintiffs-appellees.

NEARN, Presiding Judge.

Although we have tried to do otherwise, this case is simply unsalvagable on appeal and will have to remand for a new trial.

In October 1979 Parker Owens filed his complaint in the Chancery Court of Shelby County alleging that he was the President of Bricks, Incorporated, and that he was wrongfully and illegally removed from that position. Further, he alleged that at all times he has been a stockholder and director of that corporation. In addition, he alleged that the corporation was acting through an illegally constituted board of directors. Also, the complaint alleged that the shareholders of the corporation and their interests were as follows:

Parker Owens—65 Shares

Ernest M. Owens—65 Shares

Robert B. Owens—65 Shares

Thomas Willis—10 Shares

The prayer of the complaint was that he be awarded judgment equal to the amount to his weekly salary as President of the corporation for the number of weeks that would elapse until the date of judgment. In addition, plaintiff sought to have the corporation enjoined from transacting any business requiring approval of the Board of Directors until the Board be legally constitued; a special master or referee appointed to look into the dealings accomplished by the corporation while under the control of the allegedly illegal Board of Directors; and plaintiff awarded judgment for that which he would be entitled to in the role of shareholder damaged by the wrongful and unauthorized actions of the defendants.

The complaint named as defendants, the corporation and its then acting directors, Ernest, Robert, Melvin and Frankie Owens.

The shareholder, Thomas Willis, was not named as a defendant.

The named defendants answered. The answer denied that the Board of Directors was illegally constituted or had committed any wrongdoing. The answer further denied that plaintiff was improperly discharged from his office. The answer ad-

mitted the stockholders and their percentages as alleged.

The defendants also filed a counter claim which charged plaintiff with misuse of corporate assets and prayed that a special master be appointed to have accounting of corporate funds used by plaintiff and that he be enjoined from holding himself out as an officer and coming about the premises as such.

Based on the foregoing pleadings setting forth the contentions of the parties the matter went to trial in December 1981 before the Honorable Wil V. Doran, Chancellor. On February 26, 1982, the Chancellor, after hearing the proof found that for eleven years Bricks, Inc., had been operating as a partnership, had not complied with corporate laws or formalities, that because of the conflicts and dissension among the parties to the suit the business could not reasonably be conducted under its present structure, and that the business should be dissolved. The Chancellor then ordered:

1. That the corporate veil of defendant corporation, Bricks, Inc. should be pierced and said business be treated as a partnership for all purposes.

2. That the Plaintiff and Defendants cooperate toward dissolution of the business and winding up of its affairs.

. . . . .

4. That this matter be, and it is referred to Arnold Lindseth, Special Master for Findings as to:

   a. the dissolution date of partnership.

   b. the value of the partners respective assets.

   c. the amount(s), if any, of any such set-off.

. . . . .

7. That the parties be, and they are Ordered to submit to the Special Master within thirty (30) days all questions to be addressed by him for findings in accordance with and within the scope of the areas recited hereinabove.

On March 24, 1982, counsel for plaintiff filed a motion styled "Motion of Plaintiff and Counter-Defendant for New Trial, or in the Alternative, Motion to Alter Interlocutory Judgment, or in the Alternative, Motion for Clarification." On August 11, 1982, Chancellor Doran entered an order styled "Order Clarifying Order for Dissolution of Business Organization." The name given the order was indicative of its purpose. It simply clarified the previous order and made no mention of the previous motion of plaintiff for a new trial nor any of the grounds alleged therein as a basis to alter or amend the previous judgment. On August 20, 1982, plaintiff's counsel moved the Chancellor to reconsider his order of August 11, 1982, as same was "not in accordance with the statements and arguments of counsel for the parties at the hearing on plaintiff and counter-defendant's Motion for New Trial or in the Alternative, Motion to Alter Interlocutory Judgment, or in the Alternative, Motion for Clarification, nor is said Order in accordance with the facts and applicable law." No action was taken by Chancellor Doran on that motion.

Chancellor Doran failed of election in the August 1982 election and Chancellor George T. Lewis assumed the bench.

On January 17, 1983, Chancellor Lewis denied the plaintiff's motion for new trial and reconsideration which presumably was in reference to the motion filed by plaintiff's counsel on March 24, 1982, and the subject of the August 20, 1982, motion for reconsideration.

The master's report was received, excepted to but affirmed by Chancellor Lewis, and a final order for dissolution of the business was entered and is now the subject of this appeal by plaintiff.

Appellant filed a statement of the evidence pursuant to Rule 24(c), T.R.A.P., covering the December 1981 hearing. Defendants objected thereto and filed their version of the evidence. The two versions are about as different as daylight and dark.

Chancellor Lewis refused to rule on the objections to the statement of evidence on the grounds of impossibility. He had not heard the proof in December 1981 and

therefore could not reconcile the conflicts. Accordingly, he offered counsel the option of going forward with the appeal on appellant's version of the evidence or of receiving a new trial. It appears that at the trial level counsel agreed that the matter might go forward on appellant's statement of the evidence.

However, that agreement seems to have been overlooked because in reviewing the briefs prior to argument of the appeal, this Court noticed that the parties' briefs seemed to be referring to two different suits when it came to describing the evidence. Accordingly, in open Court we renewed Chancellor Lewis' offer, but counsel for defendants stated to the effect that his clients were somewhat weary with the matter since it had been six years and two Chancellors ago since it had commenced. Counsel agreed that we might consider and determine the appeal on appellant's statement of the evidence.

We have considered that statement but cannot determine the matter, because we are of the opinion that Chancellor Doran was without authority to enter the judgment he entered and in light of the circumstances and state of the record we are unable to render any judgment between the parties.

■ In effect, the Chancellor either dissolved a corporation or dissolved a partnership. He could do neither under this record. There are several reasons for our conclusion. Since corporations are creatures of and sired by statute they must also be eliminated or dissolved by statute. T.C.A. § 48-1-1008 sets forth the manner in which corporations are to be involuntarily dissolved. The code section sets forth the grounds for involuntary dissolution and provides that such grounds may be shown "In a suit by a director, shareholder or member." By necessary implication such terminology must mean in such suit by such party brought against the corporation for the purpose of dissolution. Otherwise, any suit by a shareholder of any corporation could result in the dissolution of any corporation in which the plaintiff owns shares or is a director. At the outset of this opinion we were careful to set forth the complaints of the parties and the relief sought. Neither the plaintiff nor defendants in their counter claim sought dissolution of a partnership or a corporation. Nowhere in the agreed statement of evidence or for that matter the defendant's statement of evidence do any of the witnesses seek a dissolution.

■ If we were to consider the parties as partners, there is also no authority for a dissolution. T.C.A. § 61-1-131 provides for a Court decreed dissolution of a partnership. It provides that such may be had "On application by or for a partner." No such application, written or verbal, is found in the record.

■ There is yet another reason. The parties have agreed by their pleadings that Thomas Willis is the holder of 10 shares in whatever Bricks, Inc., is considered to be. He is not a party and would be a necessary party to any suit for dissolution. The Court's decree dissolved Bricks, Inc., and ordered its assets distributed, after setoffs, between plaintiffs and defendants. Mr. Willis' admitted interest has been gobbled up by one side or other with no notice to him. In oral argument before the Court there was some mention made that he was aware of this suit. If he was, there would have been no cause for him to be alarmed as none of the pleadings asked that the corporation or partnership be dissolved. This is another reason why the pleadings are required to seek a dissolution if such is to be requested. The 10 share interest of Thomas Willis has been ignored even on appeal by all parties.

Our review of a non jury trial is *de novo*, Rule 13(d) T.R.A.P. When we are of the opinion the Trial Court has reached an erroneous judgment, it is our duty to enter a judgment we deem proper under the facts of the case. *Grisham v. Lowery*, (1981 Tenn.App. M.S.) 621 S.W.2d 745, 751; *Tipton v. Smith*, (1979 Tenn.App. M.S.) 593 S.W.2d 298, 301. This brings us to the agreed upon statement of the evidence.

Accepting every word of it as true there is simply no way that this Court could enter any sort of judgment for any amount in conformity with the complaint and the proof.

The result is as first stated, the case must be retried. We do not need to address the "issues" in the form propounded by counsel for appellant.

Costs are adjudged against appellees. Costs below will await the outcome of the new trial.

Done at Jackson in the two hundred and tenth year of our Independence and in the one hundred and ninetieth year of our Statehood.

CRAWFORD, J., and RUSSELL, Special J., concur.