**ORIGINAL LAWRENCE COUNTY FARM ORGANIZATION, INC., Plaintiff/Appellant,**

v.

**TENNESSEE FARM BUREAU FEDERATION, Defendant/Appellee.**

Court of Appeals of Tennessee, Middle Section.

May 5, 1995.

Permission to Appeal Denied by Supreme Court Aug. 28, 1995.

Cecil D. Branstetter, Carrol D. Kilgore, Branstetter, Kilgore, Stranch & Jennings, Nashville, for plaintiff appellant.

Edward K. Lancaster, Dan H. Elrod, Trabue, Sturdivant & DeWitt, Columbia, for defendant appellee.

## OPINION

CANTRELL, Judge.

This appeal involves an examination of the authority and the justification for the Tennessee Farm Bureau Federation's expulsion of one of its members. The Chancery Court of Maury County held that so long as the parent organization did not act in an arbitrary, oppressive, or unlawful manner, the parent corporation's reasons for expelling one of its members were not subject to court review. We affirm the court's grant of summary judgment to the parent corporation.

### I.

The Tennessee Farm Bureau Federation (TFBF) is a Tennessee not for profit corporation. Its members are county farm bureau organizations with the same aims, purposes, and objectives, and which pledge compliance with the parent company's charter and bylaws. The plaintiff, originally named the Lawrence County Farm Bureau (LCFB), is also a not for profit corporation, and as of the first part of 1992 was a member in good standing of the TFBF.

The package of services provided by the TFBF includes insurance written by Tennessee Farmers Insurance Companies, which companies are all related to TFBF. Insurance agents assigned by the insurance companies work out of the county farm bureaus. This arrangement allows TFBF to maintain its uniform policy of providing all its services out of a single office. For office space and clerical support the insurance agents agree to pay the county bureaus a fair compensation. Each expense reimbursement agreement provides for cancellation by either party on thirty days written notice.

In 1988 the Lawrence County bureau entered into an office expense reimbursement agreement with John Evans, the managing agent for Tennessee Farmers Insurance Group. In 1993 Mr. Evans and Bobby Belew, one of the other insurance agents, became the subjects of a dispute with LCFB employees. The dispute involved complaints of the high-handed and dictatorial attitude of Mr. Evans and Mr. Belew. LCFB demanded that Mr. Evans and Mr. Belew be removed from the building, but the insurance

company refused to do so. As a result, on February 12, 1993 LCFB exercised the thirty day cancellation provisions and cancelled the office expense reimbursement agreement. The state organization then removed all the Tennessee Farmers insurance services from the LCFB office.

On July 9, 1993 the president of the TFBF notified LCFB that a meeting of the Federation Board of Directors would convene in Columbia on July 28, 1993 to consider terminating the Lawrence County Bureau's membership. After giving LCFB a hearing, in which it was represented by counsel, the board of directors of the state organization voted unanimously to terminate LCFB's membership.

## II.

On appeal, LCFB asserts (1) that the refusal of a county bureau to permit their offices to be used by Tennessee Farmers insurance is not cause for losing its membership in the state organization; (2) that the power to expel a member rested entirely on TFBF's general membership, acting through its house of delegates; and (3) that TFBF's board was disqualified from acting in the dispute because the board members received pay from the related insurance companies.

Since TFBF is a corporation, a creature of statute, *Owens v. Bricks, Inc.,* 703 S.W.2d 147 (Tenn.App.1985), a discussion of the issues raised on appeal necessarily requires an examination of the corporation act.

When the Nonprofit Corporation Act was revised in 1987, the legislature made its provisions applicable to every nonprofit corporation, whether formed under the act or already in existence. Tenn.Code Ann. § 48–51–104. Another part of the act vests all the corporate powers in the board of directors unless the charter provides otherwise. Tenn. Code Ann. § 48–58–101. With respect to the termination of members, the code now says that unless the charter provides for the removal of a member without cause a member's termination or suspension may only occur pursuant "to a procedure which is fair and reasonable and is carried out in good faith." Tenn.Code Ann. § 48–56–302. A procedure is deemed fair and reasonable which (1) provides for notice of the proposed termination and the reasons therefor fifteen days prior to its effective date, and (2) an opportunity to be heard not less than five days before the effective date. Tenn.Code Ann. § 48–56–302(b).

### a.

■ We think these general provisions resolve the first two issues raised by the appellant. The 1987 revisions to the code vested all powers of the corporation in the board of directors unless the charter provides otherwise. Where, as here, the charter does not provide otherwise it cannot be doubted that the board of directors had the power to decide the termination issue.

As to the issue related to the cause for termination, the code implies that the charter of a nonprofit corporation may provide for termination or expulsion without cause. See Tenn.Code Ann. § 48–56–302. It is true that TFBF's charter did not have such a provision, but where that is the case, the termination may follow after the member has been given the right to be heard. Tenn.Code Ann. § 48–56–302(a) and (b). We think a reasonable interpretation of the code provisions leads to the conclusion that the corporation itself, acting through its board of directors, is the best judge of what causes justify expelling a member.

■ Unincorporated voluntary associations may terminate a member for cause pursuant to a procedure that is fair and reasonable. *Robertson v. Walker,* 62 Tenn. 316 (1874); *Moran v. Vincent,* 588 S.W.2d 867 (Tenn.App.1979). Courts will not interfere with the internal affairs of private associations or clubs. *Tennessee Secondary School Athletic Association v. Cox,* 221 Tenn. 164, 425 S.W.2d 597 (1968). Although both parties in this case are corporations, in determining the rights of the members of a nonprofit membership corporations, the members are treated the same as members of a nonincorporated association. *See* C.J.S. *Corporations* § 312.

■ We think the procedure followed in this case was fair and reasonable. As early

as February of 1993 TFBF had notified LCFB that the expulsion of the insurance agents from the county office was a violation of the long standing policy to provide all services from the same office. When the dispute could not be resolved TFBF provided notice and a hearing before the expulsion became final. We are persuaded that a court should look no further than necessary to satisfy itself that the procedure employed in terminating a member was fair and reasonable.

### b.

As to the conflict of interest issue, the appellant alleges that the members of TFBF's board were disqualified to vote on the expulsion issue because they also sat on the boards of some of the related insurance companies and received a $40 per diem for the board meetings.

We fail to see how the per diem paid by the insurance companies to its board members would disqualify them from sitting on TFBF's board to decide whether a TFBF member should be expelled. The dispute was not between TFBF and the insurance companies; it was between TFBF and LCFB over the long-standing policy of providing all TFBF services from one location. The board members already owed the highest duty to TFBF to protect its best interests. It does not appear how accepting a per diem from the insurance companies could have affected that duty in any way detrimental to LCFB.

The judgment of the trial court is affirmed. The cause is remanded to the Chancery Court of Maury County for any further proceedings necessary. Tax the costs on appeal to the appellant.

TODD, P.J. (M.S.) and LEWIS, J., concur.