# IN THE COURT OF APPEALS OF TENNESSEE
## MIDDLE SECTION AT NASHVILLE

FILED

June 18, 1997

Cecil W. Crowson
Appellate Court Clerk

NICO EMILE FLOWERS, by next )
friend and Natural Parent, )
Tracey Lynn Bastian, )
)
     Plaintiff/Appellee, )    Appeal No.
)    01-A-01-9705-CH-00219
VS. )
)    Davidson Chancery
METROPOLITAN BAPTIST )    No. 97-1551-I
SCHOOLS, )
)
     Defendant/Appellant. )


APPEALED FROM THE CHANCERY COURT OF DAVIDSON COUNTY
AT NASHVILLE, TENNESSEE

THE HONORABLE IRVIN H. KILCREASE, JR., CHANCELLOR


FOR APPELLEE:                FOR APPELLANT:

Paul Julius Walwyn           Kevin H. Theriot
P. O. Box 6293               101 Westpark Drive, Suite 250
Madison, TN 37115         Brentwood, TN 37020


**REVERSED AND REMANDED**


                           BEN H. CANTRELL, JUDGE


CONCUR:
TODD, P.J., M.S.
KOCH, J.

## **Memorandum Opinion**

This extraordinary appeal arises out of an order enjoining a private school from expelling one of its students accused of smoking marijuana. We first find that this is an appropriate case for an extraordinary appeal pursuant to Tenn. R. App. P. 10. Since the school's application and the student's answer fully set forth the parties' positions and the material facts, we dispense with further briefing and oral argument and proceed to the merits of the appeal in order to save the parties additional time and expense.[1] Because courts should not interfere in the internal affairs of private, voluntary organizations unless there is a showing that the organization's procedures have not been followed or that the organization has otherwise acted in an arbitrary, oppressive or unlawful manner, we have determined that the trial court's order enjoining the school from expelling the student until after the conclusion of the final examinations should be reversed and the case remanded to the trial court for further proceedings in accordance with Tenn. Ct. App. R. 10(b).[2]

## **I.**

During the 1996-97 academic year, Nico Flowers was a sophomore at Metropolitan Baptist Schools ("Metropolitan"), a private educational institution operated by the Metropolitan Baptist Church in Madison. The rules and regulations contained in the school's student handbook mandate expulsion of any student using drugs. The school's re-enrollment form, signed by Mr. Flowers' legal guardians,

---

[1]Pursuant to Tenn. R. App. P. 2, we suspend the application of Tenn. R. App. P. 24-26, & 29. We also find oral argument to be unnecessary pursuant to Tenn. R. App. P. 35(c).

[2]Tenn. Ct. App. R. 10(b) provides:

> The Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion, it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in a subsequent unrelated case.

provides: "The teachers and administration are hereby given full discretion in the discipline of our child or children, this would include . . . expulsion from the school."

On May 2, 1997, two students at Metropolitan told the school administrator, Grant Endicott, that Mr. Flowers had admitted smoking marijuana prior to attending the school's April 11, 1997 spring concert. Two additional students later confirmed the admission. Three of these students stated that they also observed Mr. Flowers acting "funny" and that they smelled marijuana on his breath and clothes. While denying that he actually smoked marijuana, Mr. Flowers admitted to Mr. Endicott that he told the other students that he had done so. Based on these facts, Mr. Endicott determined that Mr. Flowers had violated the school's policy prohibiting the use of drugs and expelled him.

On May 8, 1997, Mr. Flowers filed a complaint for temporary and permanent injunctive relief in the Chancery Court for Davidson County. On May 19, 1997, the trial court enjoined Metropolitan from preventing Mr. Flowers from attending school until after the conclusion of the final examinations for the current semester. Thereafter, the expulsion would be reinstated.

On May 16, 1997, Metropolitan filed a Tenn. R. App. P. 10 application for an extraordinary appeal seeking review of the injunction. Metropolitan also sought a stay of the order pursuant to Tenn. R. App. P. 7. On May 21, 1997, this court ordered Mr. Flowers to file an answer to the application. Metropolitan subsequently supplemented its application with certified copies of the trial court's order and, on May 23, 1997, this court stayed enforcement of the trial court's injunction pending disposition of the Tenn. R. App. P. 10 application. Mr. Flowers has now filed an answer to the application.

II.

3

The sole issue in this appeal is whether the trial court properly enjoined the expulsion of Mr. Flowers pursuant to Tenn. R. Civ. P. 65.04.

Tenn. R. Civ. P. 65.04(2) provides:

A temporary injunction may be granted during the pendency of an action if it is clearly shown by verified complaint, affidavit or other evidence that the movant's rights are being or will be violated by an adverse party and the movant will suffer immediate and irreparable injury, loss or damage pending a final judgment in the action, or that the acts or omissions of the adverse party will tend to render such final judgment ineffectual.

Having reviewed the record, we conclude that Mr. Flowers has not shown that any of his rights have been or will be violated by his expulsion. Attendance at a private, religious educational institution is a privilege, not a right. *See, Tenn. Secondary Sch. Athletic Ass'n v. Cox*, 425 S.W.2d 597, 602 (Tenn. 1968). Moreover, the school has not breached any explicit contractual obligation to Mr. Flowers.

Metropolitan's rules, agreed to by Mr. Flowers' legal guardians when he enrolled, leave disciplinary and expulsion decisions to the sole discretion of the school administration. While Mr. Flowers admits that his contract with Metropolitan granted the school wide discretion in disciplining him, he asserts that an injunction is appropriate under Tenn. R. Civ. P. 65.04 because of the oppressive and arbitrary way in which the school exercised its discretion. Thus the only issue to be decided is whether the court may review the discretionary decision of the school's administrator.

The courts will generally not interfere with the internal affairs of private, voluntary associations. *Original Lawrence County Farm Organization, Inc. v. Tenn. Farm Bureau Federation*, 907 S.W.2d 419, 421 (Tenn. Ct. App. 1995); *Moran v. Vincent*, 588 S.W.2d 867, 870 (Tenn. Ct. App. 1979). Courts may intervene only where the association's procedures have not been followed or where the association

4

otherwise acts in an arbitrary, oppressive or unlawful manner. *Coke v. United Transportation Union*, 552 S.W.2d 402, 405 (Tenn. Ct. App. 1977).

We cannot say that the school's decision to expel Mr. Flowers was arbitrary, oppressive or unlawful. Metropolitan's decision was based on the accusations of four students who stated that Mr. Flowers told them he had smoked marijuana on a number of occasions. Three of these students observed actions by Mr. Flowers consistent with marijuana use and also smelled marijuana on his breath and clothing. In light of these facts and the broad discretion granted the school's administration in the student handbook and enrollment form, the court finds no basis on which to second guess the school's decision.

## III.

Metropolitan's Tenn. R. App. P. 10 application for an extraordinary appeal is granted. The decision of the trial court enjoining the expulsion of Mr. Flowers is reversed and the case is remanded to the trial court for further proceedings. The costs of this appeal are taxed to the appellee for which execution may issue.

_____
BEN H. CANTRELL, JUDGE

CONCUR:


_____
HENRY F. TODD, PRESIDING JUDGE
MIDDLE SECTION


_____
WILLIAM C. KOCH, JR., JUDGE