# W. R. DAVIDSON and WILLIAM R. CARTER, Appellants, v. FRANK FOLEY and REBA FOLEY, Appellees.—414 S.W.(2d) 123.

Middle Section. November 25, 1966.

Certiorari Denied by Supreme Court April 3, 1967.

Jackson, Tanner, Reynolds & King, Nashville, for appellants.

Claude Callicott, Nashville, for appellees.

I

## THE CASE

SHRIVER, J. This is a suit seeking to have the title and right to possession of a tract of land in Davidson

County, decreed to the complainants and for an injunction against defendants restraining them from setting up any claim or doing any acts calculated to interfere with complainants' right, title, interest and possession of said property. While the Chancellor in his memorandum opinion designates it as a suit to quiet title to property and to remove a cloud therefrom, it is, essentially, a suit in ejectment, as provided for in sec. 23-1302 et seq. T.C.A.

The defense set up in the answer is that defendants have had actual, open, notorious, continuous and exclusive adverse possession of the property involved for more than twenty years, and further, that complainants' action is barred under Section 28-203, T.C.A. since defendants have had such adverse possession of the property for more than seven years next before the filing of this suit.

The answer also asserts that the deeds under which complainants claim title to the property in question are champertous and void.

The Chancellor found in favor of the defendants both on the grounds of adverse possession and champerty.

From the final decree dismissing complainants' bill they have appealed and assigned errors.

## II

## THE FACTS

The essential facts necessary to a determination of the issues involved are substantially as follows:

Complainants purchased from Vulcan Materials Company, a New Jersey corporation, 44.21 acres of land in Davidson County located on the Lebanon Road near

Nashville which was a part of a larger tract originally owned by Carrie M. Campbell.

In April 1941, Carrie M. Campbell sold to defendants part of the original tract, being a parcel fronting 100 feet on the Lebanon Road and running back 300 feet to a line. In June 1942 Lucille Campbell Ross, successor to Carrie M. Campbell, sold defendants another parcel 100 x 300 feet adjacent to the parcel above mentioned thus giving them a 200 foot frontage on Lebanon Road.

Defendants claim that later in 1942 they bought from Frank L. Ross, et al, an additional 60 to 70 feet in width by 300 feet in depth lying adjacent to the property already acquired by them, paying $500.00 for same but that Ross failed to deliver a deed to said property as he promised to do, and that defendants went into possession of same at that time, built fences around it and claimed said parcel of land holding it adversely to all the world since that time, this parcel being the property involved in this suit.

After the purchase of the tract of 44.21 acres by the complainants from Vulcan Materials Company, Inc. by deed dated December 10, 1962, they say they discovered that defendants had taken possession of and were claiming title by adverse possession of the aforesaid parcel comprising approximately .75 of an acre.

Thereafter, on November 24, 1964 they filed their original bill praying, among other things, ''That the title and right of possession to said tract of land be decreed to complainants and that they be put in possession thereof by decree of your Honor's Court.'' They also prayed for an award of damages as a result of the alleged unlawful taking by the defendants and for the removal of the cloud

on complainants' title and an injunction against interfering with complainants' right, title, interest and possession of said land.

The Assignments of Error challenge the Chancellor's findings and decree holding that the defendants established title and right to possession by prescription and because he excluded certain testimony of the witness John Bates with reference to property identification maps of Davidson County as being irrelevant and immaterial.

Counsel for defendant asserts that the issues are as follows:

(1) Did the complainants, without regard to the champertous nature of their and their predecessors' deeds, prove a good and complete title, sufficient to maintain this suit?

(2) Were the deeds in complainants' chain of title champertous?

(3) Did the defendants have adverse possession of the property in dispute for more than seven (7) years immediately prior to the filing of the Bill on November 24, 1964, so as to, under T.C.A. sec. 28-203, bar the complainants' suit?

(4) Did the defendants have adverse possession of the property in dispute for twenty (20) years immediately prior to the filing of the Bill on November 24, 1964, and thus acquire title by prescription?

Defendants insist that complainants did not establish title such as would sustain this suit.

In Hubbard v. Godfrey, 100 Tenn. 150, 47 S.W. 81, it was held that the plaintiff in ejectment must show a

perfect title to recover even against the defendant who has no title or is a naked trespasser. He cannot recover upon comparison of titles with the defendant.

██ And as has been held in numerous cases in Tennessee, plaintiff must recover, if at all, on the strength of his own title and not because of the weakness or want of title of the defendant. Coal Creek Mining & Manufacturing Co. v. Ross, 80 Tenn. 1; Woods v. Bonner, 89 Tenn. 411, 18 S.W. 67; Wilson v. Wilson, 137 Tenn. 590, 195 S.W. 173; Hilton v. Anderson, 149 Tenn. 622, 261 S.W. 984.

''Where a complaint alleging ownership of realty on which defendant is constructing a fence, and seeking a decree restraining the building of the fence, and declaring complainant to have the better title to the land, is met by an answer denying such ownership and claiming title in defendant, the suit is in ejectment, and not to establish boundaries, requiring complainant to establish title in order to maintain it.'' McCrellis v Wells, Tenn.Ch.App., 64 S.W. 293.

''To maintain an ejectment bill the complainant must show title by deraignment from the State or from a common source, or by the requisite possession under color of title.'' Clay v. Sloan, 104 Tenn. 401, 58 S.W. 229.

██ Complainants have not traced their title back to a grant from the State, nor by deraignment to a common source with that of defendant since defendant claims by adverse possession in the absence of any deed or written assurance of title. Complainants did not establish adverse possession with color of title for seven years. In deraigning title complainants refer to three wills all dated prior

to December 10, 1955, and the only instruments of record in the Register's Office shown by their proof consist of a deed from Frank L. Ross and others to Eugene Jackson, Jr., dated December 10, 1955, a deed from Eugene Jackson, Jr., and wife to Lambert Brothers, Inc., dated December 16, 1955, and a deed from Vulcan Materials Company to the complainants dated December 10, 1962.

Therefore, it would appear that the statutes have not been complied with even if complainants had shown a deed from Lambert Brothers, Inc. to Vulcan Materials Company which they did not do.

The complainants offered some oral proof of a merger of Lambert Brothers, Inc. with Vulcan Materials Company (which was held to be incompetent). No competent proof was offered showing transfer of title from Lambert Brothers, Inc. to Vulcan Materials Company, a New Jersey corporation. There was a statement by Mr. Jackson, counsel for complainants, respecting an alleged merger of Lambert Brothers, Inc. and Vulcan Materials Company, but this was not offered as testimony and the bare statement by one of the witnesses to the effect that there had been a merger of the two corporations falls far short of showing a valid transfer of title from Lambert Brothers, Inc. to Vulcan Materials Company. Hence, we must agree with counsel for defendants that there is no valid deraignment of title to the complainants who received their deed from Vulcan Materials Company in December 1962.

On the question of adverse possession by the defendants, counsel for complainants make the very strong and plausible argument that defendants did not carry the burden of proving adverse possession for twenty years or

for seven years. The Chancellor found that they did establish adverse possession for more than twenty years.

Without going into details on this question, it is sufficient to point out that defendant Foley testified that in 1942 he and his wife made a trade with Frank L. Ross by which they bought the land in question by paying Mr. Ross $200.00 in cash and cancelling a debt of $300.00 which he owed Foley for money advanced. Foley explained that Ross was in the business of raising and selling roses and shrubbery and that, as items were shipped C. O. D., he advanced the money to pay for them and that Ross still owes him $100.00. Of course, Ross denies these statements.

In testifying about this, Ross was asked if he gave Foley permission to use the land, to which he replied: "No, sir". On further questioning he stated: "I let him cut the hay off from it for his pony." He denies that he gave him any further permission to use the land.

On the other hand, it seems well established that, at or about this time, the complainants did go into possession of the land, and, although Ross stated that there was already a fence along the Western boundary of the land, Foley and his wife, supported by other testimony, state that Foley built a fence along the line between the property acquired and the other property of complainants not only along the Western boundary where there had been part of a fence, but they enclosed it completely by putting a fence across the front along the Lebanon Road, and a fence along the back and across the Eastern boundary, thus enclosing it as a part of their entire tract. There is no dispute in the record of the fact that, from the time the Foleys enclosed this along with their other land, they have continuously used it as a part of their property.

There is substantial evidence in the record to support the claim that not only Mr. Ross but the other owners of the adjacent property saw and observed the fact that the Foleys had enclosed the disputed tract and were using it as their own.

■ We think the record supports the Chancellor's conclusion that the use was not merely a permissive one granted to defendants to merely cut the grass with the understanding that it did not belong to them. We also find that the evidence does not preponderate against the Chancellor's conclusion that defendants were claiming the property adversely, openly and continuously from the later part of 1942 to the present.

Counsel for complainants argue that when defendants made a loan from the First American National Bank giving a mortgage on their property, the description did not include the parcel in dispute although defendants claim to have been holding it adversely at the time. But defendants reply that the bank was not interested in having as security any land to which they did not have a recorded title and that this is the reason the land in question was not included.

Counsel for complainants further argue that when the State widened Lebanon Road and acquired a 15 foot strip across the front of defendants' property, the State's description showed only the two lots to which the Foleys had title and did not include the strip in question. Defendants point out that the State took its description from the recorded deeds and, thus, did not include the strip in question although it was enclosed and claimed by them as their property at the time.

[6] Finally, as to the question of champerty, it necessarily follows, that, having found the Foleys were in actual adverse possession of the property at the time the deed from Vulcan Materials Company to the complainants was made in December 1962, that deed was champertous and void as to the parcel so held.

Section 64-407, T.C.A. provides:

"Sale without possession.—Any such agreement, bargain, sale, promise, covenant, or grant shall be utterly void, where the seller has not himself, or by his agent or tenant, or his ancestor, been in actual possession of the lands or tenements, or of the reversion or remainder, or taken the rents or profits for one (1) whole year next before the sale."

■ In Slatton v. Tennessee Coal, Iron & R. R. Co., 109 Tenn. 415, 75 S.W. 926, it was held:

"It is now the law in this State that a parol sale of land is not void, but merely voidable; therefore, a vendee in possession of lands under a parol contract of sale holds for himself, and not as a tenant at will whose possession inures to the benefit, and perfects the title, of his vendor holding an assurance or color of title purporting to convey the fee.

A deed to lands, a part of which is in the adverse possession of another, but not under color of title, is champertous only to the extent of land in actual possession."

For the reasons indicated above the decree of the Chancellor is affirmed.

Affirmed.

Humphreys and Puryear, JJ., concur.