IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
February 5, 2010 Session

# MARY JANE BRIDGEWATER v. ROBERT S. ADAMCZYK ET AL.

**Appeal from the Chancery Court for Smith County**
**No. 6776      C. K. Smith, Chancellor**

**No. M2009-01582-COA-R3-CV - Filed April 1, 2010**

This is an appeal from an action to quiet title to thirty acres of property in Smith County. The trial court granted summary judgment to the plaintiff on her claim to quiet title. The defendants appeal contending, *inter alia*, that the evidence the plaintiff relied on in support of her motion for summary judgment was insufficient to satisfy the requirements of Tenn. R. Civ. P. 56; therefore, the motion should have been denied. We agree. Accordingly, the judgment of the trial court is reversed and this matter is remanded for further proceedings.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Reversed and Remanded**

FRANK G. CLEMENT, JR., J., delivered the opinion of the court, in which PATRICIA J. COTTRELL, P.J., M.S., and ANDY D. BENNETT, J., joined.

Jean Dyer Harrison, Nashville, Tennessee, for the appellants, Robert Adamczyk and Tracy Adamczyk.

Betty Lou Taylor, Hartsville, Tennessee, for the appellee, Mary Jane Bridgewater.

## OPINION

Mary Jane Bridgewater filed this action against her neighbors, Robert and Tracy Adamczyk, to "quiet title" to thirty acres of property claimed by each party. In her Complaint, Ms. Bridgewater asserts that she is seeking to "reclaim" the thirty acres of property, which has been "wrongfully claimed" by the Adamczyks. The Adamczyks filed an answer and a counter-complaint asserting that they are the true owners of the thirty acres in dispute. The Adamczyks also assert that this is an ejectment action, not an action to quiet title; thus, Ms. Bridgewater must demonstrate that she has both legal title and a right to immediate possession of the disputed property.

This dispute arose after the Adamczyks purchased a tract of land in Smith County from Mike Gibbs and Scotty Green in December of 1998 that adjoins property owned by Ms. Bridgewater. The December 7, 1998 warranty deed stated that Gibbs and Green conveyed approximately 115 acres to the Adamczyks. Gibbs and Green had acquired the property in March of 1998 from Jane Whitley. The March 28, 1998 warranty deed from Ms. Whitley stated that she was conveying approximately "86 acres" to Gibbs and Green. A Deed of Correction was filed by Ms. Whitley on May 22, 1998, to state that the acreage conveyed to Gibbs and Green was 115 acres, more or less.

Ms. Bridgewater claims to be the owner of two separate, adjoining tracts of land comprising approximately 155 acres. It is undisputed that Ms. Bridgewater owns a tract comprised of 130 acres, more or less, that derives from an 1876 deed to Ed Miller.[1] What is disputed by the Adamczyks is Ms. Bridgewater's claim to a second and smaller tract of approximately 30 acres that derives from an 1884 deed to Ed Miller.

Ms. Bridgewater's claim to the property in dispute is based on her own Affidavit of Heirship, recorded in 2007, in which she states that she inherited the tract through several generations of intestate succession, a succession that derives from an 1884 deed. The last deed of record in Ms. Bridgewater's chain of title is a handwritten 1884 deed wherein T. J. Bradley and wife, Fannie Bradley, conveyed "35 acres, more or less," to Ed Miller in consideration of the cash payment of $537.50. There are no intervening deeds and no affidavits of heirship other than Ms. Bridgewater's 2007 Affidavit of Heirship.

In 2002, after the Adamczyks claimed ownership of the disputed 30 acres, Ms. Bridgewater filed this action. In the Complaint and in her Affidavit of Heirship, Ms. Bridgewater asserts that she inherited the property in dispute from her mother, Kate Lee Bowman Bridgewater, as her sole heir, who inherited the property from her mother, Mattie Miller Bowman, as her sole heir, who inherited the property as the sole heir of her father, Ed Miller, who acquired the property by deed in 1884.

---

[1]The larger tract, comprised of approximately 130 acres, derives from an 1876 deed. The 1876 deed conveyed 130 acres, more or less, from Nancy Miller to Ed Miller. Ms. Bridgewater contends this tract derives from an 1818 land grant to Colonel Martin Miller for his service in the Revolutionary War and the War of 1812.

On July 29, 2002, the Adamczyks filed a counter-complaint asserting that they were the true owners of the property.[2] In March of 2004, the Adamczyks filed a motion for partial summary judgment. Seven months later, on October 26, 2004, the trial court issued an order denying the Adamczyks' motion for partial summary judgment. On November 19, 2004, the parties entered an agreed order granting the Adamczyks permission to file a third-party complaint against Mike Gibbs and Scotty Green. The Adamczyks filed the third-party complaint against Gibbs and Green for breach of the covenants, if Ms. Bridgewater was found to be the true owner of the property. Green and Gibbs filed an answer on February 8, 2005 denying any breach.

Thereafter, the Adamczyks filed a motion for summary judgment, based on the contention that this is an ejectment action and on the ground that Ms. Bridgewater had failed to pay property taxes on the property in question for twenty years pursuant to Tenn. Code Ann. § 28-2-110. Ms. Bridgewater then filed a motion for summary judgment, based on the assertion that this is an action to quiet title, which was supported by the deposition of Carroll Carman, a land surveyor, and her Affidavit of Heirship. Each party timely filed a response in opposition to the other's motion.

On April 12, 2007, the trial court denied the Adamczyks' motion and granted Ms. Bridgewater's motion for summary judgment finding that there were no genuine issues of material fact and that Ms. Bridgewater was "the owner of the property in dispute in fee simple absolute because of the 1884 deed from Bradley to Miller who was [Ms. Bridgewater's] predecessor in title." In its order, the trial court stated it based its decision upon the 1884 deed, the Affidavit of Heirship by Ms. Bridgewater, the Affidavit of Gibbs and Green, the deposition of Carroll Carman, and the tax records of Smith County. The trial court also found that the Adamczyks had not carried their burden of proof under Tenn. Code Ann. § 28-2-108 that they or their predecessors in title had paid the property taxes on the property continuously for twenty years, nor had they shown pursuant to Tenn. Code Ann. § 28-2-110 that Ms. Bridgewater had not paid taxes on the property for twenty years and, thus, she was barred from bringing the suit, and the court found the Adamczyks had no claim for adverse possession. The court further found that the Adamczyks had actual and constructive notice that the property they purchased did not include the disputed property based on actual notice from Gibbs and Green showing them the property line and constructive notice from

---

[2]Throughout the course of the proceedings, the parties filed numerous motions and amended pleadings. For example, on April 12, 2004, Ms. Bridgewater filed a motion to amend her complaint. Later, Ms. Bridgewater filed a notice of hearing setting a motion for a temporary injunction to permit the surveying of the property on June 28, 2002. The trial court granted the motion permitting a survey of the land in dispute by Kenneth House on July 19, 2002. To further complicate matters, the Adamczyks have had five different attorneys of record.

the 1884 deed from the Register's Office of Smith County, Tennessee and the deed from Gibbs and Green, which gave the Bridgewater property as their western boundary.[3]

Following a confusing series of proceedings, Ms. Bridgewater filed a motion for entry of final judgment pursuant to Tenn. R. Civ. P. 54.02 on October 2, 2008. The Adamczyks filed a timely response as well as a motion to alter or amend the order granting summary judgment and/or a motion for new trial. On February 26, 2009, the trial court denied Ms. Bridgewater's motion for entry of a final judgment and denied the Adamczyks' motion to alter or amend. In the meantime, on January 20, 2009, Gibbs and Green filed a notice for motion for summary judgment, which the trial court denied upon a finding that there were genuine issues of material fact.

On April 24, 2009, Ms. Bridgewater filed a motion for the court to grant her possession of the real estate at issue. The trial court granted Ms. Bridgewater's motion for possession of the property in an order entered May 4, 2009. In an agreed amended order entered on June 23, 2009, the trial court ruled that the April 12, 2007 order granting Ms. Bridgewater summary judgment shall be treated as a final judgment although the claim against the third-party defendants was still pending.[4] This appeal followed.

**ANALYSIS**

The appellants, Mr. and Mrs. Adamczyk, contend that the trial court erred in granting summary judgment to Ms. Bridgewater on her claim to quiet title to the disputed property.

In their appellate brief, they present seven issues for our review including the assertions that there are multiple issues of material fact in dispute and that the trial court improperly placed the burden of proof on the Adamczyks.[5] We have determined the evidence

---

[3]The third-party defendants, Gibbs and Green, also filed a motion for summary judgment; however, the parties entered into an agreed order to continue indefinitely the third-party defendants' motion for summary judgment. Thereafter, on April 23, 2007, the Adamczyks filed a notice of appeal to this court. Following an initial review of the record, this court issued a show cause order on September 6, 2007, directing the appellants to obtain a final order within 60 days regarding the claims involving the third party defendants or the case would be dismissed. Instead, the parties agreed to a voluntary dismissal of that notice of appeal on October 29, 2007.

[4]Though the order did not explicitly state, it is evident that the trial court's intent was to make the judgment final pursuant to Tenn. R. Civ. P. 54.02.

[5]They also contend that Ms. Bridgewater failed to present evidence to establish perfect legal title to the property, an essential element of an ejectment action; that the 1884 deed was too vague to establish
(continued...)

the plaintiff relied on in support of her motion for summary judgment was not sufficient to shift the burden of persuasion and, therefore, the motion for summary judgment should have been denied without consideration of the sufficiency of the evidence presented by the Adamczyks in opposition to the motion.

A trial court's grant of summary judgment enjoys no presumption of correctness on appeal. *Draper v. Westerfield*, 181 S.W.3d 283, 288 (Tenn. 2005); *BellSouth Adver. & Publ'g Co. v. Johnson*, 100 S.W.3d 202, 205 (Tenn. 2003). We review a summary judgment decision as a question of law, *Finister v. Humboldt Gen. Hosp., Inc.*, 970 S.W.2d 435, 437 (Tenn. 1998); *Robinson v. Omer*, 952 S.W.2d 423, 426 (Tenn. 1997), and make a fresh determination of whether the requirements of Tenn. R. Civ. P. 56 have been satisfied, *Blair v. West Town Mall*, 130 S.W.3d 761, 763 (Tenn. 2004); *Staples v. CBL & Assoc.*, 15 S.W.3d 83, 88 (Tenn. 2000).

In her motion for summary judgment, Ms. Bridgewater contends that she is entitled to judgment as a matter of law because the undisputed facts show that the property in dispute was her land. As the moving party, Ms. Bridgewater is entitled to summary judgment "only if the pleadings, depositions, interrogatories, admissions and affidavits show there is no genuine issue as to any material fact and that he is entitled to a judgment as a matter of law." *Martin v. Norfolk S. Ry. Co.*, 271 S.W.3d 76, 83 (Tenn. 2008) (quoting Tenn. R. Civ. P. 56.04; *accord Penley v. Honda Motor Co.*, 31 S.W.3d 181, 183 (Tenn. 2000)). "The moving party has the ultimate burden of persuading the court that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law." *Id.* (citing *Byrd v. Hall*, 847 S.W.2d 208, 215 (Tenn. 1993)).

If the plaintiff makes a properly supported motion, then the defendant is required to produce evidence of specific facts establishing that genuine issues of material fact exist. *Martin*, 271 S.W.3d at 84 (citing *McCarley v. W. Quality Food Serv.*, 960 S.W.2d 585, 588 (Tenn. 1998); *Byrd*, 847 S.W.2d at 215)). However, if the plaintiff does not properly support the motion, then the defendant, as the nonmoving party, is relieved of the burden to produce either supporting affidavits or discovery and the motion must fail. *McCarley*, 960 S.W.2d at 588; *Martin,* 271 S.W.3d at 83.

---

[5](...continued)
proper boundaries; and that the trial court erred in finding that the Adamczyks did not meet their burden of proof to establish payment of property taxes. They also contend the trial court erred in failing to consider newly discovered evidence presented to alter or amend the 2007 summary judgment order, which at the time of their motion was a non-final order. Our ruling renders these issues moot.

In support of her motion for summary judgment, Ms. Bridgewater submitted several attachments. The attachments that are the most relevant to the issues in dispute are the 1884 deed that conveyed 35 acres, more or less, to Ed Miller, the deposition of Carroll Carman, the survey performed by Mr. Carman, and Ms. Bridgewater's Affidavit of Heirship.[6]

The 1884 deed was a conveyance of 35 acres, more or less, from T.J. Bradley to Ed Miller. It was recorded in Deed Book 6, page 408 in the Register's Office of Smith County, Tennessee. In his deposition, Mr. Carman testified that this tract was triangular in shape and located on the west of Ms. Bridgewater's 130 acre tract that derives from the 1818 land grant and the 1876 deed. Mr. Carman also testified that he had determined that if the 1884 deed between the Bradleys and Ed Miller "is truly shown to be the predecessor of title to Mrs. Mary Jane Bridgewater, there is no question whatsoever that the disputed area is not a matter of dispute," and that it belongs to Ms. Bridgewater. The essential element missing in Mr. Carman's testimony is, of course, whether Ms. Bridgewater has established that she inherited the property the Bradleys conveyed to Ed Miller via the 1884 deed.

In an effort to establish the essential link, a chain of title back to Ed Miller, Ms. Bridgewater provided an Affidavit of Heirship. The Adamczyks, however, contend Ms. Bridgewater's testimony via her affidavit is not admissible because the material statements therein are not based upon her personal knowledge.

Affidavits of heirship are governed by Tennessee Code Annotated § 30-2-712 and are "[a]ffidavits *duly sworn* to upon the *personal knowledge* of the affiant . . . setting forth any fact or facts concerning the relationship of any parties to persons deceased, or containing a statement of any facts pertinent to be ascertained in determining the persons legally entitled to any part of the decedent." Tenn. Code Ann. § 30-2-712(a) (emphasis added). Tennessee Rule of Civil Procedure 56.06 requires that affidavits filed in support of motions for summary judgment "shall be made on *personal knowledge*, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Tenn. R. Civ. P. 56.06 (emphasis added).

"Personal knowledge" is defined as "knowledge gained through firsthand observation or experience, as distinguished from belief based on what someone else has said." *Black's*

---

[6]Affidavits of heirship serve two purposes: "they provide a means to preserve evidence concerning a decedent's estate that might otherwise be lost with the passage of time;" and, "they provide record notice to the world of a claimed interest in a decedent's property." *Boone v. Frazor*, No. 87-177-II, 1988 WL 77542, 3 (Tenn. Ct. App. July 27, 1988). Moreover, as *Pritchard on Wills and Administration of Estates* explains: "[w]hen one has died intestate owning real estate, the filing of an affidavit of heirship can be helpful in establishing the chain of title to the real estate." Jack W. Robinson, Sr. et al., 3 *Pritchard on Wills and Administration of Estates* § 1079, p. 236 (6th ed. 2007).

*Law Dictionary* 703 (7th ed. 2000). Our courts have rejected affidavits filed in support of motions for summary judgment that were submitted "upon information and belief." *See Mechanics Laundry Serv. v. Auto Glass Co. of Memphis, Inc.*, 98 S.W.3d 151, 158 (Tenn. Ct. App. 2002); *Seals v. Tri-State Defender, Inc.*, No. 02A01-9806-CH-00172, 1999 WL 628074, at *5 (Tenn. Ct. App. Aug. 16, 1999) (holding the affidavit of defendant-movant's employee stating a fact "to my best knowledge and ability" was not made on personal knowledge); *see also Pinson v. Hopkins Surveying Group, Inc.*, No. 03A01-9712-CV-00533, 1998 WL 518301, at *6 (Tenn. Ct. App. Aug. 20, 1998) (holding the movant's affidavit, which was "replete with hearsay and conclusions," failed to meet the requirements of Tenn. R. Civ. P. 56).

Ms. Bridgewater's Affidavit of Heirship reads in its entirety as follows:

1. That I am the only child of Kate Lee Bowman Bridgewater.

2. That at the time of her death Katie Lee Bowman Bridgewater owned the following property:

> A certain tract or parcel of land containing 35 acres more or less situated and lying in the County of Smith known as part of the Charley Matherson tract in Civil District No. 28 of Smith County, bounded as follows: Beginning on a beech running South 130 poles to a honey locust being on the bank of the branch; thence Northeast with the meanderings of the branch 130 poles to a stake in the Perkins South boundary of his old tract; thence West 60 poles to the beginning.

3. That this is the same property which was conveyed to Ed Miller by T.J. Bradley and wife, Fannie Bradley, by deed dated March 6, 1884, of record in Deed Book 6, page 408, Register's Office of Smith County, Tennessee.

4. That the said Ed Miller died intestate in 1902, and this property passed to his only child, Mattie Miller Bowman.

5. That the said Mattie Miller Bowman died intestate in February of 1956, and this property passed to her only child, Kate Lee Bowman Bridgewater.

6. That the said Kate Lee Bowman Bridgewater died intestate in May of 1997, and this property passed to her only child, Mary Jane Bridgewater.

It is evident from reading her Affidavit of Heirship that Ms. Bridgewater provided few details upon which to establish that she had personal knowledge of essential facts of the affidavit.[7] For example, Ms. Bridgewater failed to explain how she knew of her own personal knowledge in 2007, when she signed the affidavit, that her great-grandfather Ed Miller, who died in 1902, died intestate, or that this property passed to Mattie Miller Bowman. We also note that she makes no reference in her affidavit to ancient documents or a family bible in which historical family records may have been maintained, which may qualify as exceptions to the hearsay rule. *See* Tenn. R. Evid. 803(13). Aside from the fact that Ms. Bridgewater failed to establish that her testimony, provided via her affidavit, is based upon her personal knowledge, the affidavit lacks other relevant facts necessary to establish that she is indeed the heir of the property acquired by Ed Miller from the Bradleys in 1884.[8] Based on the

---

[7]Although it is not germane to the issue presented, we wish to note for the benefit of our readers that title insurance companies generally do not accept affidavits of heirship signed by the heir. The title companies generally require an affidavit from one who is not an heir who establishes in the affidavit how he or she has such knowledge of the facts stated therein and who provides more relevant and specific facts than provided here.

[8]*Pritchard on Wills and the Administration of Estates* provides the following example of an affidavit of heirship:

> STATE OF TENNESSEE
> COUNTY OF LAW
>
> Comes the affiant, John K. Frazier, being first duly sworn according to law, and being of lawful age and a resident for the past 26 years of Birmingham, Shelby County, State of Alabama, and pursuant to Section 30-2-712 of the Tennessee Code Annotated, hereby swears to the following of his own free will and based upon his personal knowledge and familiarity:
>
> 1. Jane Frazier (the "decedent") died April 16, 2005.
>
> 2. The decedent died without a surviving spouse. The decedent was married once during her lifetime to John Allen Frazier. The decedent's marriage to John Allen Frazier ended in divorce.
>
> 3. The decedent died leaving only one child and issue, John K. Frazier. The decedent never gave birth to or adopted any other child or children.
>
> 4. At the time of her death, the decedent owned a house and lot located at 1749 Glen Echo Road, Justice, Law County, Tennessee, and being more particularly described in deed of record in Book 4806, Page 44, Register's Office for Law County, Tennessee, to which reference is hereby made for a more complete description.

(continued...)

above, we find that Ms. Bridgewater's Affidavit of Heirship is replete with hearsay and conclusions; thus, it does not meet the requirements of Tenn. R. Civ. P. 56 for summary judgment. S*ee Pinson*, 1998 WL 518301, at \*6.

Ms. Bridgewater, as the moving party, has the ultimate burden of persuading the court that there are no genuine issues of material fact and that she is entitled to judgment as a matter of law. *See Martin*, 271 S.W.3d at 84; *see also Byrd*, 847 S.W.2d at 215. Her Affidavit of Heirship fails to satisfy the requirements of Tenn. R. Civ. P. 56, thus, it may not be considered in support of Ms. Bridgewater's motion.

Moreover, the Adamczyks have challenged the verity of Ms. Bridgewater's Affidavit of Heirship. Tennessee Code Annotated § 30-2-712(e)(1) provides that a person feeling aggrieved by the recording of an affidavit of heirship may bring suit in the chancery court of the county where the affidavit may be recorded to challenge the verity of any or all of the facts stated in the affidavit. The statute further provides that in any proceeding challenging the truthfulness of any fact stated in an affidavit of heirship, "the burden of proof to show the truthfulness of the statement shall rest upon the [affiant], . . ."[9] Tenn. Code Ann. § 30-2-712(e)(1). The Adamczyks have filed a Counter-Complaint in which they assert that Ms. Bridgewater "has no good or legal claim" to the property, and they also challenge the verity of Ms. Bridgewater's affidavit. Thus, the burden is upon Ms. Bridgewater to prove the truthfulness of any fact stated in her Affidavit of Heirship.

The Adamczyks have also asserted that the civil action asserted by Ms. Bridgewater is not an action to quiet title, but rather an action of ejectment that carries with it a different legal standard.[10] In her Complaint, Ms. Bridgewater asserted that she is seeking to "reclaim"

---

[8](...continued)
> 5. This affidavit will confirm the vesting of title to the real property located at 1749 Glen Echo Road, Justice, Law County, Tennessee, after the death of Jane Frazier in John K. Frazier.

Jack W. Robinson, Sr. et al., 3 *Pritchard on Wills and Administration of Estates* § 1079, p. 236 (6th ed. 2007); *see also* 2 Jack W. Robinson, Jr., William T. Ramsey & Aubrey B. Harwell, Jr*., Tennessee Forms*, 357 (2nd ed. 1991) (Form No. 4-1403).

[9]"Any person feeling aggrieved by the recording of any such affidavit, may, at any time within six (6) years of the recording of the affidavit, bring a suit in the chancery court of the county where the affidavit may be recorded, challenging the verity of any or all of the facts that may be stated in the affidavit, . . ." Tenn. Code Ann. § 30-2-712(e)(1).

[10]A suit to recover property is an action in ejectment. *See* Tenn. Code Ann. § 29-15-102. To succeed
(continued...)

the thirty acres of property, which has been "wrongfully claimed" by the Adamczyks. If this is an action of ejectment, not an action to quiet title, Ms. Bridgewater must demonstrate that she has both legal title and a right to immediate possession of the disputed property. *See Johnson v. Mt. Pleasant*, 713 S.W.2d 659, 661 (Tenn. Ct. App. 1985) (citing *Brier Hill Collieries v. Gernt*, 175 S.W. 560 (Tenn. 1914); *Bertha v. Smith*, 175 S.W.2d 41 (Tenn. Ct. App. 1943)). As the parties did not fully brief this issue on appeal, and we have elected to remand the case to the trial court, we choose not to determine whether this is an action to quiet title or an ejectment action, and leave that for the trial court to determine on remand after the parties have been afforded the opportunity to fully brief the issue.

## IN CONCLUSION

We have determined that Ms. Bridgewater's Affidavit of Heirship fails to satisfy the requirements of Tenn. R. Civ. P. 56, thus it may not be considered in support of her motion for summary judgment and, with Ms. Bridgewater's Affidavit of Heirship removed from consideration, the record does not establish a factual basis for summary judgment. As there remain genuine issues of material fact regarding the ownership of the property at issue, we reverse the grant of summary judgment and the grant of possession to Ms. Bridgewater and remand this case to the trial court for further proceedings consistent with this opinion.

The judgment of the trial court is reversed, and this matter is remanded with costs of appeal assessed against Mary Jane Bridgewater.

_____
FRANK G. CLEMENT, JR., JUDGE

---

[10](...continued)
in an ejectment action, the plaintiff must establish that she has both legal title and a right to immediate possession. *Johnson v. City of Mt. Pleasant*, 713 S.W.2d 659, 661-62 (Tenn. Ct. App. 1985) (citing *Brier Hill Collieries v. Gernt*, 175 S.W. 560 (Tenn. 1914); *Bertha v. Smith*, 175 S.W.2d 41 (1943)). The burden of proof is upon the complainant to prove that she has a perfect title to recover even against the defendant who has no title or who is a trespasser. *Id.* (citing *Lowry v. Whitehead*, 53 S.W. 731 (Tenn. 1899); *Hubbard v. Godfrey*, 47 S.W. 81 (Tenn. 1898); *Davidson v. Foley*, 414 S.W.2d 123 (Tenn. Ct. App. 1966)). "The complainant in an ejectment suit must establish title by deraigning title to a common source under which both parties claim or by seven years adverse possession under a registered color of title or by 20 years actual adverse possession." *Id.* (citing *Harris v. Buchignani*, 285 S.W.2d 108 (Tenn. 1955); *Davidson v*, 414 S.W.2d at 123; *Atkinson v. Atkinson*, 130 S.W.2d 157 (Tenn. Ct. App. 1939)).